# TUTTLE v. MONTFORD.

The lien of a sub-contractor filed, and notice given to the owner of a building, within thirty days after the completion of the work, under the act of 1855, attaches from the time the work was commenced, and takes precedence over a garnishment served on the owner against the head contractor, after the work was commenced, and before the filing and serving notice of lien.

Whether a payment by the owner to the head contractor, before the notice of the lien of the sub-contractor, would defeat the lien *pro tanto, quære.*

The lien of the mechanic, artisan, and material man, is favored in law, because those parties have, in part, created the very property on which the lien attaches.

APPEAL from the District Court of the Sixth Judicial District.

The defendant employed one Fragler to furnish materials and build a frame house for three hundred and fifty dollars, and Fragler employed plaintiff as a sub-contractor. *After* the building was completed, and *before* the defendant was served with notice of the lien of plaintiff, the defendant paid to Fragler the sum of two hundred dollars, and the remainder of the contract price was garnisheed by certain creditors of Fragler. *After* this payment and the service of notice of garnishment, but *before* the expiration of thirty days from the time the building was completed, plaintiff recorded his account, and gave notice thereof to defendant, as required by the third section of the act of April 27, 1855. The defendant appeared in answer to the notice of garnishment, and stated that plaintiff had in the meantime recorded his account, and given notice thereof to him, and asked the justice of the peace to discharge him, which the justice refused to do, but gave judgment against defendant for one hundred and fifty dollars, the remainder of the contract price of the work. The defendant did not appeal from this judgment, but paid the amount, as required by the justice. After this, the plaintiff brought his suit in the District Court to enforce his lien. That Court gave judgment against defendant for one hundred and fifty dollars, and defendant appeals to this Court.

*Smith & Hardy* for Appellant.

There is no privity of contract between the owner of a building and a sub-contractor, and the liability of the former to the latter only dates from the service of notice, and filing the lien in the office of the county recorder.

The lien of a sub-contractor cannot take precedence of a garnishment which is served before the service of notice of such lien.

At the time of the service of garnishment in the suit of Birge and Lathrop v. Fragler, there had been no notice of lien by the plaintiff, nor had his lien been filed with the county recorder.

We rely upon the case of Kahoon and Kent v. Levey et al., for a reversal of this judgment.

*Moore & Welty* for Respondent.

The only question to be discussed in this case, is as to the constitutionality of the act of April 27, 1855, entitled an act for securing liens of mechanics and others.

This act, in spirit and effect, is like all statutes which have been passed and adopted in· this and other States, the only variance being in some of the minor details.

The first section provides (see Stat. 1855, 156) that " all artisans, builders, mechanics, lumber-merchants, and all other persons performing labor and furnishing materials, etc., shall have a lien on such building, etc., for the work done and materials furnished."

The third section provides that " every person wishing to avail himself of the benefits of this act shall file in the recorder's office of the county, etc., a notice of lien, etc., within sixty days, and, if he be a sub-contractor, within thirty days." This gives all the parties complying with the provisions of the act, in all other respects, a lien upon the building to the extent of the amount due from the owner to the original contractor. Neither the owner of the building, nor the building itself, will be liable for more than the owner has contracted to pay, for mark well the language of the last clause of the third section : " But nothing contained in this act shall be so construed as to make the owner of any property improved liable for more than he has contracted to pay." Now, all respondent claims is the amount admitted to be due from the owner of the building to the original contractor at the time he served his notice of claim. We had then done all that the act required, and within the time required, to perfect our lien upon this fund. And the fifth section of the act provides, " that the liens created by this act shall be preferred to every other lien or incumbrance which shall have attached upon the property subsequent to the time when the work was commenced or the materials furnished."

That the Legislature have the power and right to pass a law to protect the interests of mechanics, there can be no doubt. In New York, Pennsylvania, Kentucky, Missouri, and other States, laws have been enacted similar to our own, and carried into effect for years without a question as to their constitutionality. We can see no provision of our Constitution violated by this act, but, on the contrary, see an imperative necessity for the existence of such a statute. It is a well settled principle that Courts will never declare acts of the Legislature unconstitutional, unless they are clearly so.

BURNETT, J., delivered the opinion of the Court—TERRY, J., concurring.

The first section of the act above referred to, gives a lien to certain parties upon certain property, under certain circumstances; and the third section requires the party, if a sub-contractor, to file his account and notice of intention to hold a lien on the premises, in the recorder's office, within thirty days after the completion of the building, and within five days thereafter to serve a copy of the account upon the owner; and by section fifth, the lien created by the act attaches at the time the work was commenced. In this case, the defendant had paid the contractor the sum of two hundred dollars, *before* notice was given him, but *after* the work was commenced. The Court below held this payment good, and only gave judgment for the remainder.

The first question that might arise under the pleadings and evidence, is, whether this payment, under the circumstances, would defeat the right of plaintiff to recovery for the full amount of his claim, not, however, exceeding the sum of three hundred and fifty dollars. But, as the plaintiff does not appeal from the judgment of the District Court, and as his counsel only ask for the affirmance of the judgment, it is unnecessary to decide that point.

The only question we shall consider, regards the rights of creditors to attach the debt due from the owner to the contractor before notice of the claim of the sub-contractor. The question is one between different creditors of the contractor, and involves simply the rights of priority, as between them. It does not matter with the owner whether he pays one or the other, as he is only compelled to pay the debt once.

The lien of the mechanic, artisan, and material man, is more equitable and more favored in law, because these parties have, at least in part, created the very property upon which the lien attaches, while the general creditors of the contractor have not done so, and, therefore, have no special claim to protection. The rights of the latter must be postponed, and await the enforcement of the prior lien. In the present case, the justice of the peace, upon receiving the answer of the defendant, should either have discharged him from all liability under the garnishment, or postponed his decision until the claim of the sub-contractor could have been enforced, and then any remainder in the hands of the owner would have been justly subject to the claim of the other creditor.

We can see no error in the judgment of the Court below, and think the same should be affirmed.