## McCREA v. CRAIG *et al.*

The lien given by the statute to the mechanic or the material man, for work and labor performed or materials furnished in the construction of a building, commences and attaches to the property at the time of the commencement of the work, or the beginning to furnish the materials.

The reasonable construction of an allegation in a complaint, that "plaintiff furnished the materials between the sixth day of April, 1862, and the twenty-eighth day of June, 1862," is, that plaintiff commenced furnishing the materials on the sixth day of April, and continued furnishing the same from time to time up to June 28th.

Where the contract was made, and the materials were furnished, while the Lien Law of 1858 was in force, but the notice of lien was not filed in the Recorder's office until after the Lien Law of 1862 went into effect: *held*, that the lien was not lost, but must be enforced in accordance with the provisions of the Act of 1862.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*J. M. Williams*, for Appellant.

The demurrer of defendant Allen was sustained to the complaint, upon the ground that plaintiff never acquired any lien upon the property of Allen; and this decision was based and is now sought to be upheld upon the single ground, that as the Statutes of 1856 and 1858 were superseded by the Statutes of 1862, after the contract was made and the materials purchased, and before any notice of lien was filed or given, that plaintiff could not have any lien upon the building, though the time allowed for filing had not passed.    Appellant invites the Court to the consideration of the following propositions: Under the Mechanics' Lien Law, the lien is acquired by the subcontractor, as material man, by doing the

McCrea v. Craig.

work or furnishing the materials. The radical error in the respondents' view of the case is, that they suppose the lien to be acquired by the filing in the Recorder's office and giving notice to the employer ; whereas, the lien is acquired by the work, or the furnishing of the material, and the filing and notice only preserve it or make it effectual. The statute, it would seem, is sufficiently clear upon this point. (Stat. 1856, 203 ; Id. 1858, 225.) After the work has been done or the materials furnished and used, thirty days are allowed to file the claim. Can it be said that, during those thirty days, he has no lien ? If he does not file, he loses his lien, but not until the thirty days have passed.

*Patterson, Wallace & Stow*, for Respondents.

Even supposing that the materials were furnished anterior to the twenty-sixth of June, 1862 (the date of the repeal of the Statute of 1858), which the complaint does not aver, there was no lien acquired. An act had been done, which, if followed up properly, would—otherwise would not—ripen into a lien ; but which did not of itself constitute a " lien acquired " within the reservation of the twenty-fourth section of the Act of 1862 (Laws 1862, 390), and was therefore not saved thereby. " When an Act of Parliament is repealed, it must be considered, except as to those transactions passed and closed, as if it never existed." (*Butler* v. *Palmer*, 1 Hill, 333.)

The plaintiff, not having acquired any lien under the Act of 1858, of course could not acquire any lien afterwards under the Act of 1862, because the Act of 1862 was passed subsequently to the making of the contract of March 4th, 1862, between the builder, Craig, and the respondent Allen (*Donahy* v. *Clapp*, 12 Cushing, 441) ; and because it does not appear from the complaint, that the materials were furnished since the twenty-sixth of June, 1862. The Act of 1862 does not give a lien by reason of a furnishing of materials anterior to its taking effect. "*Nova constitutio futuris formam imponere debet,*" is the maxim, unless the statute itself expressly declares to the contrary ; * * * " and it is well settled that, in the absence of express words to that effect, a law can only operate upon future, and not upon past transactions." (*Grimes' Estate* v. *Norris*, 6 Cal. 625.)

The respondent Allen therefore insists that appellant acquired no lien under the Statute of 1858; because: First, it does not appear from the complaint that any materials were furnished; second, nor that appellant complied with the provisions of that statute while it was in force; third, but it does appear that the statute itself (1858) was repealed before the appellant had any "lien acquired," and a mere "possibility" or "potentiality" of a lien was not saved by Sec. 24 of the Act of 1862. And that the appellant did not acquire a lien under the Act of 1862; because: First, the Act (1862) was passed after the fourth day of March, 1862, when the respondent Allen made the contract with McCrea, the appellant, to build the house; second, it does not appear that appellant furnished any materials under that act (1862).

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to enforce a mechanic's lien. The building was owned by the defendant Allen. Craig was the original contractor who agreed to construct it; and the plaintiff furnished materials for its construction between April 6th and June 28th, 1862. On the third day of July, the plaintiff filed a notice of his demand and lien in the Recorder's office, and within five days thereafter gave Allen notice thereof; and July 3d, he presented his account to Craig, who admitted in writing thereon that it was correct. On the seventeenth day of July, 1862, the plaintiff again gave Allen notice of his lien, in accordance with the provisions of the Act of 1862—the sum of $2,000 then being due and unpaid under the contract from Allen to Craig; and also filed an account of his demand and lien in the Recorder's office. The building was completed August 20th, 1862. Allen demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and that it did not show that the plaintiff had any lien upon the property. The Court sustained the demurrer and rendered final judgment for the defendants, from which the plaintiff appeals.

On the twenty-sixth day of April, 1862, a law was passed in relation to liens of mechanics and others, which took effect June 25th, 1862, the last section of which repealed all prior laws upon

the subject; but the twenty-fourth section provides that "Nothing contained in this act shall be deemed to apply to or affect any lien heretofore acquired." (Stat. of 1862, 384.) Although the lien in this case is created by and depends upon a compliance with the terms of the statute, yet it is a favored lien, because the very property upon which the lien attaches has been created by the labor or materials furnished by the person claiming the lien. The lien virtually commences when the labor or materials are begun to be furnished; and although such lien can only be enforced by filing and recording the proper notice in the Recorder's office, and commencing suit and performing the other acts required by the statute within the proper time, yet all these acts relate to, and the lien is deemed to have accrued at the time of the commencement of the work, or the beginning to furnish the materials. (*Tuttle* v. *Mont-ford,* 7 Cal. 358; *Soule* v. *Dawes,* Id. 575; *Crowell* v. *Gilmore,* 13 Id. 54.) The evident intention of Sec. 24 of the Act of 1862, was to save and preserve to the claimants all rights and liens acquired under the preëxisting laws which were then repealed, and which, but for such saving clause, would have been liable to be lost by such repeal. The fair and reasonable construction of the averment in the complaint is that the plaintiff commenced furnishing the materials for the building on the sixth day of April, and continued furnishing the same from that time up to June 28th. Although he did not file any notice of lien until after the new law went into effect, yet his lien is to be deemed to have been acquired, and his notice will relate back to the time he commenced to furnish the materials; and such lien comes properly within the saving clause of the statute. After the new statute went into effect, all subsequent acts and proceedings relating to the lien or its enforcement were governed by and must have been in accordance with its provisions. The averments of the complaint show a substantial compliance with the new statute on the part of the plaintiff; and the complaint sets forth, therefore, a good cause of action. It follows, that the Court erred in sustaining the demurrer. The case of *Donahy* v. *Clapp* (12 Cushing, 440) is essentially different from the present, as that was evidently a new statute enacted where none had existed before; and not, like the present, the enactment

of a new and revised law, saving previously-acquired rights, under a former statute upon the same subject.

The judgment is reversed and the cause remanded, with directions that the defendants answer the complaint within ten days after service on them of notice of the filing of the *remittitur* in the Court below.