No 2,183.

HIRAM ROSENCRANTZ, *et al.*, APPELLANTS, *v.* DANIEL ROGERS, *et al.*,
RESPONDENTS

FICTITIOUS NAMES.—IGNORANCE OF TRUE NAME MUST BE REAL NOT WILLFUL.
When a party is sued by a fictitious name, upon the ground that the plaint-
iff was ignorant of the name of the defendant, under the 69th Section of the
Practice Act, the ignorance of the name must be real, and not willful ig-
norance or such as might be removed by mere inquiry, or a resort to
means of information easily accessible.

IDEM.—DISMISSAL OF ACTION AS TO PARTY DESIGNATED BY.—PRACTICE.—When
a party not named a defendant, who was served with the summons as a party
designated by a fictitious name, appears in Court, and moves to set aside
the service of the summons, and dismiss the action as against him, and
it appears that there was no averment, in the complaint, that the plaintiff
was ignorant of the true name of the person intended to be made a de-
fendant, and that the true name might have been easily ascertained by
proper inquiry, and no offer was made by plaintiff's attorney in re-
sponse to the motion, to insert the true name in the complaint, the
motion was properly granted by the Court to dismiss the action as
against the moving party.

The facts are stated in the opinion.

*B. S. Brooks*, for Appellants.

Either these (fictitious) persons were defendants, or they
were not ; if they were defendants judgment could not be
entered in their favor, except upon trial of the cause, and
that could only be had upon issue joined ; if they were not
defendants in the suit, they could not move in the cause at
all, nor could any judgment be entered therein, in their
favor and against the plaintiff.  (See *Dimick* v. *Derringer*,
32 Cal. 488, 1 Chitty, Pl. 245.)

The Practice Act provides what the complaint shall con-
tain.  (Pr. Act, sec. 39).  Plaintiff may insert fictitious
name when the name is unknown to him.  (Pr. Act, Sec. 69,
540).  The statute does not require that he should state that
the name is fictitious, and that he does not know the true
name.  (Pr. Act, Secs. 69, 540).  Such an allegation would
form no part of the title of the action, or facts constituting
the cause of action, nor of the prayer for relief.  Issue could
not be properly joined upon such an allegation.  It would
be an immaterial issue.  The only way of taking advantage

of a misnomer is by plea in abatement, giving the true name. If not taken advantage of by plea in abatement judgment by fictitious name is valid.

There is no precedent for setting aside the service of process, by order, on motion for misnomer of defendant. This is not one of the cases prescribed in which a dismissal of the action is allowed. (See Pr. Act, sec. 148.)

*W. H. Patterson,* for Respondents.

There is no warrant, or authority, in the Practice Act, or in any known rule or authorized precedent, which will permit a party to sue " known persons," by inserting fictitious names in the summons and in the title of the complaint without any allegation respecting them, or any reason why fictitious names are inserted. (*Ford* v. *Doyle,* 37 Cal. 346 ; *McNally* v. *Mott,* 3 Cal. R. 235 ; *Sutter* v. *Cox, et. al.* 6 Cal. R. 415 ; *Crandall* v. *Beach and John Doe,* 7 Howard P. R. 271.)

A party served by a fictitious or false name, may answer and set up his plea of the misnomer, or otherwise, as the case may be. But he may also resort to his motion before he has answered, to have the plaintiff's proceedings against him dismissed. (See *Elliott* v. *Hart,* 7 How. P. R. 25 ; *Dale* v. *Manly,* 11 Id. 138. See contra, Woodruff J. in *Miller* v. *Stilhner et. al.* and the *reporter's note* to this case, on page 518. Tillinghast and Shearer's Practice and Pleading, vol. 1, page 354).

When the application was made by the moving parties in the Court below, plaintiffs did not seek, by any application on their part, to retain the action against them by any suggestion of amendment of the summons and complaint. There is no attempt made to prove that any diligence was used, or that the persons intended to be designated were not in fact known.

WALLACE, J., delivered the opinion of the Court, RHODES, C. J., CROCKETT, J., and TEMPLE, J. concurring :

The Practice Act (Section 69) provides that " when the plaintiff is ignorant of the name of the defendant, such

defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleading or proceeding may be amended accordingly." This ignorance of the name must, of course, be real, and not feigned ; it must not be willful ignorance, or such as might be removed by mere inquiry or a resort to means of information easily accessible.

By Section 39 it is provided that the complaint shall contain    *    *    " the name of the parties to the action, plaintiff and defendant," and this is the general rule.    By Section 69 a plaintiff who is unable to comply with this general rule in this respect, and therefore exposed to possible loss by the mere misfortune of not knowing or being able to learn the name of his intended adversary, is permitted to designate him for the time being by some fictitious name, upon condition, however, that as soon as he learns his true name he will conform to the general rule laid down in Section 39, by inserting it in the pleading.

We think that there is no conflict between these two sections of the Practice Act. Section 39 gives the general rule, and Section 69 provides an exception to it.

In this case four plaintiffs, in 1868, brought an action of ejectment for the recovery of a tract of some twenty-two acres in the city and county of San Francisco, embracing a portion of the " Olds Tract." They employed an attorney who had already been engaged in litigating the title to the " Olds Tract." No averment is contained in the complaint to the effect that the plaintiffs are ignorant of the true name of any person intended to be made a defendant therein, but it proceeds to name the defendants as follows ; ." Daniel Rogers, John S. Love, Joel S. Polack, Mary Polack, John Doe, Pierre Chesseauz, Abner Phelps, Charlotte Phelps (his wife), Julia B. Olds, A. P. Jordan, Joane E. Davis, Wm. H. Sharp, Richard Bix, Haus Bix, Africanus Black, James Blue"—alleges them to be residents of San Francisco, and in the occupation of the premises sued for.

Arnold Fuller, who was not named as a defendant, was served with the summons as " James Blue." Fuller is the administrator of William B. Olds, with the will annexed. Olds had been upon this land from December, 1854, to March, 1859, when he departed this life. The records of the Probate Court of the city and county of San Francisco show that his will was admitted to probate in March, 1859 ; that his widow was executrix ; that she continued to be such executrix until her death, and that Fuller was guardian of the children of Olds—and these several matters were readily to be learned from those records at the commencement of the action. The children of Olds, wards of Fuller, were not mentioned in the complaint as defendants ; they were respectively served as " Africanus Black," " Richard Bix," etc.

Olds, the father, his widow as executrix : Fuller, as guardian, and these wards, the children of William B. Olds, are shown, one with another, to have had the actual occupancy of these lands for upwards of thirteen years, continuously, before the filing of the complaint. During that time portions of it had been leased to tenants, who had a garden and dairy and cattle range there, and a house and buildings, sheds for cattle, etc., all surrounded with a good substantial fence.

The Court below was applied to by Fuller and his wards, on notice to plaintiffs' attorneys, to set aside the service of the summons upon them, and to dismiss the action against them.

In response to this motion, no offer was made by the plaintiffs' attorney to insert the names of Fuller or his wards in the complaint as defendants.

On the hearing of the motion, the Court below dismissed the action as against the moving parties, and the plaintiffs have appealed.

We see no error in the action of the Court in the respect complained of. The premises had been so long, notoriously and uninterruptedly occupied by the Olds family, father, mother and children in succession, and their tenants, that

the plaintiffs must be held to have known who were the occupants, for it was easy for them to have done so. They were much less difficult of ascertainment than were the exterior lines of the tract sued for, and which are given in the complaint by calls and distances.

Judgment affirmed.