[S. F. No. 1783.   Department One. — March 12, 1901.]

CHRISTIAN HOFFMAN, Respondent, v. CHARLES KEE-TON et al., Defendants.   B. SINSHEIMER, Appellant.

FORECLOSURE OF MORTGAGE — PLEADING — FICTITIOUS NAME OF GRAN-TEE — ORDER DIRECTING AMENDMENT — FINDING — RECITAL IN DE-CREE. — A grantee of the mortgagor, who has appeared and answered, cannot object that he is not a party to the action, because he was sued and served by a fictitious name, and the complaint was not amended to insert his true name, where it appears that the court made an order directing that his true name be inserted in the complaint in place of the fictitious name.   That order was in itself a sufficient amendment; and a finding that the court by said order inserted the true name in the complaint, and a recital in the de-cree to the same effect, are correct.

ID. — IMMATERIAL IRREGULARITY — CLERICAL ERROR. — Though it would have been more regular to have amended the complaint, the error, if any, is immaterial, and, being merely clerical, may be corrected by the court below at any time.

ID. — STATUTE OF LIMITATIONS — DEFENDANT SUED BY FICTITIOUS NAME — DATE OF BECOMING PARTY. — Where there is nothing to make it appear that the plaintiffs knew the true name of a defendant sued and served by a fictitious name, such defendant became a party to the action from its commencement, and cannot claim that the stat-ute of limitations ran as to him after the commencement of the ac-tion until the date of an order substituting his true name.

ID. — PLAINTIFF NOT REQUIRED TO SEARCH RECORDS FOR NAME. — A plain-tiff is not required, before beginning his suit against a defendant sued and served by a fictitious name, whose true name he did not in fact know, to search the records in order that he may learn it.

APPEAL from a judgment of the Superior Court of Mon-terey County.   N. A. Dorn, Judge.

The facts are stated in the opinion.

S. F. Geil, and Wilcoxon & Bouldin, for Appellant.

Frank M. Stone, for Respondent.

SMITH, C. — This is an appeal from a judgment foreclosing a mortgage.  The appeal is by the defendant Sinsheimer, to whom, subsequently to the execution of the mortgage, and be-fore the commencement of the suit, an undivided half of the mortgaged premises was conveyed by the mortgagors, the

defendants Keeton. The mortgage and the note secured by it were executed January 1, 1891, and became due two years after date. The suit was commenced December 28, 1896, against the defendants Keeton, and fictitious defendants, John Doe, etc. But by an order made April 13, 1897, reciting that "the true name of John Doe [was] in fact B. Sinsheimer," it was directed that the latter name be inserted in the complaint in lieu of the former. The complaint, it seems, was not actually amended. The defendant Sinsheimer was duly served, and filed his answer, setting up that his name was not John Doe, and that the action was barred by the provisions of section 337 of the Code of Civil Procedure. The court found against him on the latter issue, and judgment was entered accordingly. The points made for reversal are: 1. That there is nothing in the complaint to show that appellant was a party to the action, and consequently that as to him the judgment is in fact void; and 2. That the action was barred as to him by section 337 of the Code of Civil Procedure.

1. With regard to the first point, the order of the court directing the amendment was in itself a sufficient amendment, and the finding of the court, "that the court by said order inserted the name of B. Sinsheimer in the complaint," and the recital of the decree to the same effect, are correct. (*Kittle* v. *Bellegarde,* 86 Cal. 563.) It would have been more regular to have made the amendment in the complaint, but the error, if any, is immaterial (Code Civ. Proc., sec. 475), and, being merely clerical, may be corrected by the court below at any time. (*Baldwin* v. *Bornheimer,* 48 Cal. 433.) The case of *McKinlay* v. *Tuttle,* 42 Cal. 570, has no application. In that case there was no order substituting the names of the defendants Castro for the fictitious names used, or to connect them with the cause of action. (*Kittle* v. *Bellegarde, supra.* See also *Baldwin* v. *Bornheimer, supra,* where, instead of reversing the judgment, as in *McKinlay* v. *Tuttle, supra,* the court below was directed to make the amendment, and the judgment as amended was affirmed.)

2. The claim that the action was barred by the statute is based on the assumption that the defendant Sinsheimer became a party only at the date of the order substituting his name for that of John Doe; which was more than four years after the note and mortgage became due. But this assumption is incorrect. He was sued by the name of John Doe, and "was a

party to the action from its commencement." (*Farris* v. *Merritt*, 63 Cal. 118.)   There is nothing to show that the plaintiff knew the true name of the fictitious defendant sued; nor can the objection that he might have learned by searching the records be entertained. (*Irving* v. *Carpenter*, 70 Cal. 25, 27.)   The case of *Rosencrantz* v. *Rogers*, 40 Cal. 489, has no application. There, the appeal was from an order of the lower court dismissing the 'case as to certain defendants served on grounds there appearing. Here, the ruling of the lower court was in favor of the plaintiff, and there is nothing to show that there was error or irregularity.

The judgment appealed from should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.