[Civ. No. 8994. First Appellate District, Division Two.—September 20, 1933.]

UNION TANK & PIPE COMPANY (a Corporation), Appellant, v. MAMMOTH OIL COMPANY, LTD. (a Corporation), et al., Defendants; E. R. GURNSEY et al., Respondents.

Derthick, Cusack & Ganahl for Appellant.

Todd, Pawson & Watkins, and Todd, Pawson, Watkins & Anderson for Respondents.

OGDEN, J., *pro tem.* — This is an action to foreclose a mechanic's lien upon real property. The two defendants other than respondents having defaulted, judgment was entered in favor of appellant as to them. Respondents pleaded the provisions of section 1190 of the Code of Civil Procedure as a defense to appellant's cause of action as against them, which plea was sustained by the trial court and judgment

accordingly entered in favor of respondents. From this portion of the judgment plaintiff appeals.

The claim of lien was filed on September 10, 1930. On December 3, 1930, well within the period of ninety days thereafter prescribed by section 1190 of the Code of Civil Procedure, the original complaint in the action was filed naming as party defendants the Mammoth Oil Company, Ltd., Signal Oil and Gas Company, Ltd., and as fictitious defendants several Does. With respect to the latter defendants, it was alleged in the usual form that they claimed some interest in the premises either as owners or otherwise, that their true names and the exact nature of their interest were unknown and that when ascertained request to amend would be made. Summons was issued thereon, served upon the two defendant companies and filed. Thereafter, on December 23, 1930, a date beyond the ninety-day period, appellant filed an amended complaint naming as party defendants the respondents as the owners in fee of the property and in addition thereto the same defendants named in the original pleading with the same allegations in respect to the fictitiously named defendants. An *alias* summons was issued thereon and respondents served therewith, together with a copy of the amended complaint, to which they answered.

The record discloses no request for, or the making of, any order substituting the names of respondents in place of the fictitiously named defendants in the original complaint. On the contrary, the action was dismissed as to all fictitious defendants at the commencement of the trial. ■ Section 1190 of the Code of Civil Procedure is a statute of limitations providing the time within which an action may be brought to enforce a mechanic's lien (*Hughes Brothers* v. *Hoover,* 3 Cal. App. 145 [84 Pac. 681]), and the failure to commence the action within the time prescribed is, when pleaded, a bar to recovery. ■ The filing of the original complaint stopped the running of the statute only as to those who were made party defendants thereby, but the statute continued to run in favor of others until made parties to the action. (*Jeffers* v. *Cook,* 58 Cal. 147.)

■ We cannot say that respondents were made party defendants by the filing of the original complaint. The case at bar is not such a case as in *Hoffman* v. *Keeton,* 132 Cal. 195 [64 Pac. 264], where a defendant sued under a fictitious

name and whose true name was subsequently substituted by proper amendment was held to be a party to the action from its commencement. The mere intention of appellant to sue the owner of the property whoever he may be is not sufficient. In order to give effectiveness to allegations pertaining to fictitious defendants, the plaintiff must designate the persons to whom he refers by either, and properly by both, the service of summons or appropriate amendment. (*McKinlay* v. *Tuttle,* 42 Cal. 570; *Mercantile Trust Co.* v. *Stockton Terminal & E. R. Co.,* 44 Cal. App. 558 [186 Pac. 1049].)

The fact that the amended complaint in which respondents are named as defendants with new and appropriate allegations also names the same fictitious defendants named in the original pleadings and repeats the allegations in respect thereto strongly indicates that the pleader did not consider the respondents to be the same defendants referred to by fictitious names. That they were different entities must be concluded from the dismissal of the action against the fictitious defendants and its prosecution against respondents.

The action not having been commenced against respondents until after the expiration of ninety days from the filing of the claim of lien, judgment was properly entered in their favor.

Judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.