[No. A031247. First Dist., Div. Three. July 15, 1986.]

GRINNELL FIRE PROTECTION SYSTEMS COMPANY, INC.,
Plaintiff and Appellant, v.
AMERICAN SAVINGS AND LOAN ASSOCIATION,
Defendant and Respondent.

**COUNSEL**

Dinkelspiel & Dinkelspiel, Barry A. Dubin and Clyde J. Wadsworth for Plaintiff and Appellant.

John H. Bickel, Ted C. Radosevich and Landels, Ripley & Diamond for Defendant and Respondent.

## OPINION

**SCOTT, J.**—In this appeal we decide that a materialman must name all parties intended to be bound by an action to foreclose a mechanic's lien within the time specified in Civil Code section 3144.[1] If the materialman does not have actual knowledge of a junior lienor's interest in the property, the materialman can, however, satisfy the requirements of section 3144 by naming the junior lienor as a Doe defendant.

Grinnell Fire Protection Systems Company, Inc. (Grinnell), acting as a general contractor, performed work on a project called Seaport Village North (Seaport) in Redwood City. Grinnell began working on Seaport on or about October 24, 1980. Respondent, American Savings and Loan Association (sued under its former name, State Savings and Loan Association (State Savings)), recorded a deed of trust against the Seaport property on April 21, 1981. On August 13, 1981, Grinnell recorded a mechanic's lien against Seaport because it had not been paid for the improvements it had made on the property. Grinnell moved to foreclose its mechanic's lien on November 6, 1981. It named as defendants Ron Safren, George Safren, Safren Development Company, Seaport, and other Doe defendants who "claim some right, title, or interest in or to the said real property and Work of Improvement, which claims are junior and subordinate to the claim of [Grinnell]." It recorded a notice of pendency of action (a lis pendens) on the same day. The lis pendens gave notice that an action had been commenced to foreclose Grinnell's mechanic's lien. At the time Grinnell filed and recorded these documents, it had no actual knowledge that State Savings was the beneficiary of a deed of trust on the Seaport property.

On October 25, 1982, Grinnell gained actual knowledge of State Savings' interest in the Seaport property, and it substituted State Savings as the party previously designated as Doe 2 in the complaint. State Savings purchased the Seaport property at a foreclosure sale in November of 1982. State Savings was served with the complaint on December 29, 1982. On November 15, 1984, State Savings moved for summary judgment on the ground that Grinnell's foreclosure action was untimely because Grinnell had failed to name State Savings within 90 days of filing its mechanics' lien against Seaport

---

[1]All statutory references are to the Civil Code unless otherwise indicated.

as required by section 3144. Judgment was entered for State Savings, and this appeal follows.

Grinnell claims that it complied with the requirements of section 3144 when it commenced a foreclosure action naming the owners of the property within 90 days after recording the mechanic's lien. It asserts that it could properly amend the foreclosure complaint to name a junior lienor, such as State Savings, as a Doe defendant when it gained actual knowledge of its interest in the property. We agree and reverse the judgment entered for State Savings.

I

The California mechanics' lien derives from article XIV, section 3 of the California Constitution. The liens of mechanics, artisans, and materialmen are favored in California law "'. . . because those parties have, at least in part, created the very property upon which the lien attaches . . . .'" (*Connolly Development, Inc.* v. *Superior Court* (1976) 17 Cal.3d 803, 825 [132 Cal.Rptr. 477, 553 P.2d 637], fn. omitted, quoting *Tuttle* v. *Montford* (1857) 7 Cal. 358, 360.) Under the statutory scheme enacted to implement the enforcement of mechanics' liens (chs. 1 and 2 of tit. 15, pt. 4, div. 3 of the Civ. Code), persons who furnish labor or materials on a work of improvement are entitled to file a mechanics' lien on the property where the improvement is located. The materialman is required to file a preliminary notice with the owner, the general contractor, and the construction lender within 20 days of furnishing materials for improvement (§§ 3097, 3114). It must record its claim of lien within 90 days of completing the improvement (§ 3116), and once recorded the mechanics' lien constitutes a direct lien on the improvement and the real property (§§ 3128, 3129). The lien takes priority over all encumbrances recorded after the improvement work commences (§ 3134).

This lien will, however, terminate unless the materialman brings an action to foreclose on the lien within 90 days after recording it. "No lien provided for in this chapter binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced in a proper court . . . ." (§ 3144.) Grinnell points out that the statute does not expressly require that all parties claiming some right, title or interest in the property be joined within the 90-day period, and argues that it satisfied the statutory requirements by filing the action within the 90-day period, and by joining all interested parties in the suit prior to judgment. State Savings counters that Grinnell's interpretation of the statutory requirements is incorrect, and would, under

the Supreme Court's holding in *Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d 803, be violative of constitutional due process standards.

Connolly Development, Inc. (Connolly) was the owner and developer of a shopping center. Connolly obtained a construction loan through Union Bank, and contracted to obtain materials for the improvement of the shopping center from Diamond International Corporation (Diamond). Diamond subsequently recorded a mechanics' lien on the shopping center, and filed a bonded stop notice with Union Bank. Connolly and Union Bank challenged Diamond's action to foreclose its mechanics' lien on the ground that the mechanics' lien and the stop notice violated procedural due process requirements. (*Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d 803, 810.)

The Supreme Court concluded that the imposition of a mechanics' lien was a taking within the meaning of the due process clause of the Constitution because "it may severely hamper [the owner's] ability to sell or encumber that property." (*Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d at p. 812.) The mechanics' lien laws, however, survived Connolly's and Union Bank's constitutional challenge. The court found that the recordation of a mechanics' lien inflicts only a minimal deprivation of property on the owner, that the laborers and materialmen who have improved the property have a strong interest therein because their work enhances the value of the property, and that state policy strongly supports preserving laws enacted to protect the claims of laborers and materialmen. (*Id.,* at p. 827.) In its analysis, the court noted that section 3144 compelled the lienor to bring an action to foreclose within 90 days of the recording of the lien. (*Id.,* at p. 820.) State Savings urges that "[t]o add State Savings as a new defendant after a time period of nearly five (5) times the 90-day statute of limitations, as Grinnell did here, is directly contrary to the Supreme Court's discussion of the vital role the 90-day statute plays in protecting the separate, individual constitutional rights of each property owner and encumbrancer."

Procedural due process mandates that an individual be afforded notice and an opportunity for a hearing before he is deprived of any significant property interest. (*Randone* v. *Appellate Department* (1971) 5 Cal.3d 536, 541 [96 Cal.Rptr. 709, 488 P.2d 13].) The length of time the mechanics' lien remains effective before the owner is afforded a hearing, therefore, without doubt affects the constitutionality of the mechanics' lien laws. We need not, however, attempt to determine whether California's mechanics' lien laws would pass muster under the due process clause of the Constitution

if the statutory period in which to file foreclosure suits were extended beyond 90 days. The Supreme Court noted in *Connolly* that "neither the recording of a mechanics' lien nor the filing of a stop notice constitutes a taking of the *lender's* property. The mechanics' lien attaches to the landowner's realty; the stop notice garnishes the landowner's credit; neither encumber property of the lender. Although the filing of stop notice imposes upon the lender a liability to the claimant which the lender has not contractually agreed to assume, the imposition of that liability does not constitute a 'taking' of property in the constitutional sense. [Citation.]" (*Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d 803, 814, fn. 9.) In this case State Savings acted solely as a lender, and Grinnell's mechanic's lien did not, under the holding in *Connolly,* constitute a taking of State Savings' interest in Seaport. State Savings' argument that it would violate procedural due process to permit Grinnell to amend its complaint to name State Savings as a Doe defendant after the 90-day period has run is therefore without merit.

II

Grinnell argues that the applicable statute only requires that *an* action to foreclose be filed within the 90-day period, and that the statute does not mandate that subsequent encumbrances be made parties to the suit within that time. State Savings responds that California case law is contrary to Grinnell's position. A review of apposite case law reveals that the courts have read into section 3144 a requirement that the materialman must satisfy the statute of limitations requirements as to each party to be bound by the judgment.

The decision that all parties to be bound by the judgment must be joined in the foreclosure action within 90 days of the filing of the mechanic's lien appears to have been first reached in *Paramount Securities Co.* v. *Daze* (1933) 128 Cal.App. 515 [17 P.2d 1049]. In that case, respondent Soule-Martin Lumber Company's mechanics' lien attached in April of 1925. About a month later the property was conveyed by deed of trust to Security Title Insurance and Guarantee Company. The deed of trust was immediately recorded. The materialman moved to foreclose its lien but did not join either the trustee or the beneficiary of the previously recorded deed of trust in the foreclosure action. (*Id.,* at pp. 515-516.) The question presented on appeal was whether the materialman could satisfy the statute of limitations as against all persons by initiating proceedings in a timely fashion against one or more but not all persons having an interest in the property.

After a thorough analysis of analogous statutes and out-of-state case authority on the question, the court concluded that only parties joined within

the 90-day period would be bound by the judgment in the foreclosure action. It cited with approval a pronouncement of the Washington Supreme Court on the same issue: "It follows of necessity that anyone interested, whether as owner, mortgagee, lien claimant, or otherwise, anyone who may defend against the lien, or show by competent evidence that it is not a lien as against his interest, has the right to invoke the statute, if the action be not commenced *as against him* within the statutory period." (*Paramount Securities Co.* v. *Daze, supra,* 128 Cal.App. 515, 518.)

Similarly, in *Riley* v. *Peters* (1961) 194 Cal.App.2d 296 [15 Cal.Rptr. 41], the materialman failed to join either the trustee under a deed of trust or the subsequent owners under that deed as parties in its foreclosure action until the "'time for filing an action by the mechanic's lien claimants . . .'" had expired. (*Id.,* at p. 297.) The court cited *Paramount Securities* with approval, and held that the subsequent owners could quiet their title against the mechanics' lien filed against their property because they had not been joined in the foreclosure action. (*Id.,* at p. 300.) The court reached a similar conclusion in *Packard Bell etc. Corp.* v. *Theseus, Inc.* (1966) 244 Cal.App.2d 355 [53 Cal.Rptr. 300].)

Various commentators have concluded based on these case holdings that "any person having an interest in the property when the suit is commenced must be included as a party defendant in order to be bound by the judgment." (13 Biel & Seneker, Cal. Real Estate Law and Practice (1986) Mechanics' Liens, § 451.64[2]; 1 Miller & Starr, Current Law of Cal. Real Estate Mechanic's Liens (1975) § 10:32, p. 573.) Although the language of section 3144 could be otherwise interpreted, we agree with the reasoning in the cited cases, and conclude that a junior encumbrancer has the right to dispute the validity, the amount, and the priority of the mechanics' lien. The requirement that the materialman join all interested parties within 90 days after filing its lien can reasonably be read into the language of section 3144 to protect the junior encumbrancer's rights.

### III

Grinnell finally argues that it in any event satisfied the requirements of section 3144 by designating State Savings as a Doe defendant in its original complaint. When Grinnell gained actual knowledge of State Savings' identity, it amended its complaint, and substituted State Savings as Doe 2. State Savings argues that Grinnell could not properly designate State Savings as a Doe defendant because Grinnell had legal knowledge of State Savings' identity when it filed its foreclosure action. We conclude that

Grinnell could properly use a Doe designation for State Savings until it gained actual knowledge of its identity.

California Code of Civil Procedure section 474 provides that a plaintiff may designate a defendant by a fictitious name when the plaintiff is ignorant of the true name of the defendant. The purpose of the section is remedial. It is liberally construed to prevent the running of the statute of limitations where the plaintiff does not have actual knowledge of the name of the defendant. (*Motor City Sales* v. *Superior Court* (1973) 31 Cal.App.3d 342, 345 [107 Cal.Rptr. 280].) The ignorance of which Code of Civil Procedure section 474 speaks is actual ignorance, and a plaintiff will not be refused the right to use a Doe pleading even where the plaintiff's lack of actual knowledge is attributable to plaintiff's own negligence. (*Irving* v. *Carpentier* (1886) 70 Cal. 23, 26 [11 P. 391].)

The plaintiff in *Irving* v. *Carpentier, supra,* 70 Cal. 23, brought an action to quiet title to a piece of property. Irving's suit was dismissed because, although he had legal notice (through a recorded deed) that the defendant claimed an interest in the property, he had sued the defendant under a fictitious name. The Supreme Court reversed the dismissal. The court noted that Irving was not a subsequent purchaser or mortgagee under section 1213, and continued: "We know of no law which makes it the duty of a plaintiff to examine the records of a county recorder's office to find out names of parties defendant . . . ." It continued: "It is when he [the plaintiff] is actually ignorant of a certain fact, not when he might by the use of reasonable diligence have discovered it. Whether his ignorance is from misfortune or negligence, he is alike ignorant, and this is all the statute requires." (*Irving* v. *Carpentier, supra,* 70 Cal. 23, 25-26.)

This holding was repeated in *Hoffman* v. *Keeton* (1901) 132 Cal. 195 [64 P. 264]. In that case defendant Keeton, the mortgagor, conveyed an undivided half of the mortgaged premises to defendant Sinsheimer. Hoffman brought suit, naming Sinsheimer by a fictitious name. The Supreme Court found the Doe designation proper. "There is nothing to show that the plaintiff knew the true name of the fictitious defendant sued; nor can the objection that he might have learned by searching the records be entertained." (*Id.,* at p. 197.) The court did not mention whether or not Hoffman had legal knowledge of Sinsheimer's identity under section 1213.

Recent cases also hold that, under Code of Civil Procedure section 474, the plaintiff is charged only with actual knowledge rather than information the plaintiff could have obtained by reasonable diligence. (*Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 945-948 [154 Cal.Rptr. 472].) Thus, while we

have not found authority which expressly holds that a materialman can use a Doe pleading to satisfy section 3144 where he has legal knowledge under section 1213 of the encumbrancer's interest, the cited cases strongly indicate that it would be proper to permit the use of Doe pleadings in a foreclosure action where the materialman does not have actual, as opposed to legal, knowledge of the identity or existence of subsequent encumbrancers.

This indication is further buttressed by language in *Union Tank etc. Co.* v. *Mammoth Oil Co.* (1933) 134 Cal.App.229 [25 P.2d 262]. In *Union Tank* the plaintiff moved to foreclose on a mechanics' lien. In its original complaint, plaintiff named several fictitious defendants. After more than 90 days had passed after the filing of the mechanic's lien, plaintiff named E. R. Gurnsey et al., the owners in fee of the property, as defendants in the action. The court noted specifically that the plaintiff did not request an order substituting the names of the new defendants in place of the fictitiously named defendants in the original complaint. "On the contrary, the action was dismissed as to all fictitious defendants at the commencement of the trial." (*Id.*, at pp. 230-231.) The court concluded that the plaintiff had failed to file the foreclosure action within the statutory period as to these defendants. In its analysis, the court discussed and distinguished *Hoffman* v. *Keeton, supra,* 132 Cal. 195, in which the Supreme Court held that a plaintiff need not search "the records" to learn the actual name of a mortgage holder. (*Id.*, at p. 197.) The court then based its holding on a discussion of whether the plaintiff in *Union Tank* had intended to substitute the new defendants in place of the Doe defendants named in the original complaint. (*Id.*, at pp. 231-232.) Implicit in the analysis and holding in *Union Tank* is the premise that a materialman may resort to a Doe pleading in a foreclosure action as long as the materialman does not have actual knowledge of the encumbrancer's identity, and otherwise satisfies the requirements of Code of Civil Procedure section 474.

Authors of law review notes on mechanics' liens have similarly concluded that a Doe pleading would be an appropriate way of satisfying the statute of limitations vis-à-vis junior encumbrancers. For instance, a law review article was published in which the then recent opinion in *Paramount Securities Co.* v. *Daze, supra,* 128 Cal.App. 515 was discussed. The *Paramount* court had concluded that a mechanics' lien claimant must make all junior encumbrancers parties to the suit within the statutory period. (See sec. II, *ante.*) The note author commented as follows: "Although this rule seems to be harsh, it may be desirable for it insures protection to those persons, other than the owner, who have an interest in the property. Furthermore, in *Hoffman* v. *Keeton* [, *supra,* 132 Cal. 195] the rule was enunciated that if, in the complaint in a suit to foreclose a mortgage a

grantee of the mortgagor was made a fictitiously named defendant, with proper allegations under section 474 of the Code of Civil Procedure, his name may be substituted in the complaint before judgment. He is considered a party to the action from its commencement and may not plead the statute of limitations which may have run prior to the time of the substitution but not prior to the commencement of the suit. If this rule is applied to mechanic's liens, a lien claimant, by adopting the same practice of fictitious defendant allegations, may extend the period within which he must make junior encumbrancers parties to his suit." (Note (1933) 21 Cal.L.Rev. 624, 626.) This law review note was cited with approval on another point by the court in *Riley* v. *Peters, supra,* 194 Cal.App.2d at page 298.

The author of an article on *Packard Bell etc. Corp.* v. *Theseus, Inc., supra,* 244 Cal.App.2d 355 (a case which reaffirmed the need for the lien claimant to join all interested parties within the 90-day period) reached a similar conclusion. "Moreover, in future foreclosure actions, the lienor should be able to avoid the *Packard Bell* problem through the use of the fictitious defendant theory of section 474 of the Code of Civil Procedure. . . . [¶] . . . Many cases have condoned the use of section 474 to avoid the bar of the statute of limitations; hence the fact that the lienor in a foreclosure action is clearly seeking to avoid the bar of the ninety day period should not prevent its use. The second problem is whether the lienor will meet the requirement that his ignorance of the defendant's name is not feigned. Apparently, he will. Even though the names of the record owners can be ascertained from the county recorder's office, California cases have not required that this be done." (Note, *Procedural Aspects of Enforcing Mechanics' Liens: Packard-Bell Electronics v. Theseus* (1967) 14 UCLA L.Rev. 1339, 1350-1351, fns. omitted.)

Furthermore, as Grinnell points out, other sections of the mechanic's lien law contain language indicating that the Legislature did not intend to impose on the lien claimant the burden and expense of conducting a title search on the property against which the lien is filed. Thus, section 3084 provides that a claim of lien must contain "the name of the owner or reputed owner, if known," and section 3097 similarly requires service of the preliminary 20-day notice on the "owner or reputed owner." "The term 'reputed owner' clearly must mean something other than the actual owner or it is mere surplusage." (*Brown Co.* v. *Appellate Department* (1983) 148 Cal.App.3d 891, 898 [196 Cal.Rptr. 258].) It appears by the language used in these sections that the Legislature recognized that the lien claimant might not have complete and accurate information on the ownership of the property in question, and this recognition makes it improbable that the Legislature

expected the materialman to conduct a complete and accurate title search to ascertain who owns the property.

The cases cited by State Savings in support of its position that Grinnell's constructive knowledge precludes the use of a Doe pleading are not persuasive. Although the law does presume that a lienholder has constructive knowledge of prior recorded deeds of trust (*American Medical International, Inc.* v. *Feller* (1976) 59 Cal.App.3d 1008, 1020 [131 Cal.Rptr. 270]), State Savings has provided no authority that holds or indicates such constructive notice defeats the lien claimant's right to resort to a Doe pleading under Code of Civil Procedure section 474 when the claimant does not actually know the identity of the junior encumbrancer. State Savings argues that its position "is fully supported by the California Supreme Court decision in *Rosencrantz* v. *Rogers*" (1871) 40 Cal. 489 but the holding in *Rosencrantz* is not in fact apposite.

In *Rosencrantz*, four plaintiffs brought a suit in ejectment. Their complaint did not aver that they were "ignorant of the true name of any person intended to be made a defendant therein . . . ." (*Rosencrantz* v. *Rogers, supra,* 40 Cal. at p. 491.) Plaintiffs later attempted to add several defendants who had actually occupied the land for approximately 13 years. The defendants moved to set aside the service of summons on them, and to dismiss the complaint. The trial court granted their motion. "In response to this motion, no offer was made by the plaintiffs' attorney to insert the names of Fuller or his wards in the complaint as defendants." (*Id.,* at p. 492.) The Supreme Court affirmed the trial court's ruling. (*Id.,* at p. 493.) We cannot conclude based on the language contained in this opinion that a mechanics' lien claimant is precluded from resorting to a Doe pleading.

The mechanics' lien claimant occupies a favored position in California law. "The mechanics' lien derives from the California Constitution itself; . . . no other creditors' remedy stems from constitutional command." (*Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d at p. 826.) "It is a right provided '. . . by the organic law, . . .' [citation] '. . . and should be liberally construed . . . to effect its objects and to promote justice.' [Citation.]" (*Nolte* v. *Smith* (1961) 189 Cal.App.2d 140, 144 [11 Cal.Rptr. 261, 87 A.L.R.2d 996].) The requirement that the lien claimant commence a foreclosure action against all parties within 90 days of the filing of the mechanic's lien is read into section 3144 to protect creditors who receive no special protection under the California Constitution. It appears necessary, if the materialman's rights are to be protected to the extent contemplated by law, to construe Code of Civil Procedure section 474 liberally (as is done in most other contexts) to avoid the very short statute of limitations facing

the lien claimant. Grinnell's action against State Savings cannot therefore be defeated because it had constructive knowledge of State Savings' identity.

The judgment is reversed.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied August 11, 1986, and respondent's petition for review by the Supreme Court was denied October 30, 1986.