[No. A050222. First Dist., Div. Two. Feb. 28, 1992.]

WESTFOUR CORPORATION, Plaintiff and Appellant, v.
CALIFORNIA FIRST BANK, Defendant and Respondent.

Counsel

Jeffer, Mangels, Butler & Marmaro, Paul L. Warner and Susan F. Winer for Plaintiff and Appellant.

Leland, Parachini, Steinberg, Flinn, Matzger & Melnick, Steven R. Walker, Jeffrey H. Lowenthal and Richard J. Wallace for Defendant and Respondent.

Opinion

BENSON, J.—Westfour Corporation (Westfour) appeals from the trial court's judgment in favor of California First Bank (California First). Westfour contends the trial court erred in finding Westfour's mechanic's lien claims against California First barred by the statute of limitations. We agree and reverse.

I. Factual and Procedural Background

On March 21, 1984, Bernard B. Blatte (Blatte), the owner of a parcel of improved real property (the Property) in San Francisco, entered into a construction loan agreement with California First whereby the bank agreed to loan Blatte $3,250,000 to finance renovations and additions to the Property. On this same date, Blatte executed a deed of trust in favor of California First securing his performance under the construction loan agreement and the related promissory note. California First did not record this deed of trust until July 17, 1984. In the interim, Blatte hired Joseph L. Barnes Construction Co., Inc. (Barnes) as contractor for the project, and excavation work on the Property began. Blatte's contract with Barnes did not include tenant improvements, although tenant improvements were included in the disbursement schedule to the construction loan agreement between Blatte and California First. On September 16, 1985, Blatte executed a certificate of substantial completion, indicating Barnes's work was substantially completed as of this date.

Several months later, on June 25, 1986, U.S. Allied Development Corporation (U.S. Allied), acting on behalf of Blatte, entered into a standard form of agreement between owner and contractor with Westfour. This agreement designated U.S. Allied as "owner" and Westfour as "contractor." Pursuant to the agreement, Westfour performed $450,587 worth of tenant improvements on the Property. Westfour received partial payment of $161,447 from U.S. Allied, which paid Westfour from funds loaned by California First and with the bank's knowledge the funds were being spent on tenant improvements.

On April 2, 1987, Westfour recorded seven claims of lien against the Property for the remaining balance of $289,140. On June 11, 1987, Westfour filed a complaint to foreclose on the liens. The complaint did not name California First as a defendant but did name Doe defendants. On October 1, 1987, Westfour filed an amendment to the complaint substituting California First in place of Doe 1. After a bench trial, the trial court concluded Westfour's designation of California First as a Doe defendant in its complaint was improper and, hence, that Westfour's claims were barred by the 90-day statute of limitations contained in Civil Code section 3144.

## II. STANDARD OF REVIEW

The trial court's statement of decision contains both findings of fact and conclusions of law. ▮ We review the trial court's findings of fact to determine whether they are supported by substantial evidence. (*Foreman & Clark Corp.* v. *Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362].) To the extent the trial court drew conclusions of law based upon its findings of fact, we review those conclusions of law de novo. (*Jongepier* v. *Lopez* (1983) 142 Cal.App.3d 535, 538 [191 Cal.Rptr. 131].)

## III. DISCUSSION

### A. *Westfour's Claims Against California First Are Not Barred by the Statute of Limitations*

The statute of limitations in mechanic's lien actions is set forth in Civil Code section 3144, which provides "[n]o lien provided for in this chapter binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced in a proper court . . . ." ▮ A plaintiff "must name all parties intended to be bound by an action to foreclose a mechanic's lien within the time specified in Civil Code section 3144." (*Grinnell Fire Protection Systems Co.* v. *American Sav. & Loan Assn.* (1986) 183 Cal.App.3d 352, 354 [228 Cal.Rptr. 292] (hereafter *Grinnell*).) Where the plaintiff does not have actual knowledge of another party's interest in the subject property, however, he can satisfy the requirements of section 3144 by naming that party as a Doe defendant until he gains actual knowledge of its interest in the property. (183 Cal.App.3d at pp. 354, 358-359.)

▮ Westfour filed its complaint within the 90 days specified by Civil Code section 3144 but did not amend its complaint to substitute California First as Doe 1 until after the expiration of the 90-day period. (*Ante*, this page.) Thus, an issue has arisen as to whether the designation of California

First as a Doe defendant in the complaint was proper, tolling the statute of limitations as to California First.

The trial court made the following factual finding on the issue: "The Court finds that at the time the Complaint was filed on June 11, 1987, Westfour had actual knowledge of the identity of the Bank and its probable position as the construction lender. However, the Court *does not find that Westfour had actual knowledge of the Bank Deed of Trust against the Property*." (Italics added.)

Relying on *Grinnell*, the trial court then concluded as a matter of law that the designation of California First as a Doe defendant in the complaint was improper: "C.C.P. § 474 may be used to avoid the effect of the statute of limitations only where the plaintiff is ignorant of the identity of the potential defendant at the time the complaint is filed." According to the trial court, "*Grinnell* does not make a distinction between the identity of the potential defendant and the interest of that defendant in the Property." Based upon this reading of *Grinnell*, the court concluded Westfour's "actual knowledge of the identity of the Bank and its probable position as the construction lender at the time Westfour filed the Complaint" rendered its use of a Doe designation improper "*even though Westfour lacked any actual knowledge of the Bank Deed of Trust against the Property*." (Italics added.)

The trial court's ruling is based upon a misreading of *Grinnell*. There is no indication the plaintiff in *Grinnell* learned of the fictitiously designated defendant's identity at a different time than it learned of that defendant's interest in the subject property. Thus, the court had no occasion to discuss the difference between the "identity" of the defendant and its "interest in the property." Nonetheless, the *Grinnell* court made it clear at the outset of its opinion that the proper focus is on the plaintiff's knowledge of the defendant's interest in the property, describing its ruling as follows: "[i]f the materialman does not have actual knowledge of a junior lienor's *interest in the property*, the materialman can, however, satisfy the requirements of [Civil Code] section 3144 by naming the junior lienor as a Doe defendant." (*Grinnell, supra*, 183 Cal.App.3d at p. 354, italics added.)

Other cases also make it clear the proper focus in determining whether the designation of California First as a Doe defendant was proper is whether Westfour had actual knowledge of California First's interest in the Property at the time it filed its complaint. ■ A plaintiff is " 'ignorant of the name' " of a defendant within the meaning of the fictitious name statute not only when he is ignorant of the defendant's identity, but also when he knows the defendant's identity but is ignorant of facts giving rise to a cause of

action against that defendant. (*Joslin* v. *H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 376 [228 Cal.Rptr. 878]; *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 946 [154 Cal.Rptr. 472]; *Mishalow* v. *Horwald* (1964) 231 Cal.App.2d 517, 522 [41 Cal.Rptr. 895].) Even where a plaintiff could have discovered such facts, he or she is still entitled to the benefit of the fictitious name statute. (*Munoz* v. *Purdy, supra,* 91 Cal.App.3d at p. 947.) " 'Ignorance of the facts is the critical issue, and whether it be due to misinformation or negligence is not relevant.' " (*Ibid.,* quoting *Breceda* v. *Gamsby* (1968) 267 Cal.App.2d 167, 174-175 [72 Cal.Rptr. 832].)

In this case, the trial court expressly found "Westfour lacked any actual knowledge of the Bank Deed of Trust against the Property" at the time it filed its complaint. Although California First correctly points out there is evidence contrary to this finding, there is substantial evidence to support the finding. For example, there was evidence Westfour was unsure as to whether California First held a deed of trust on the Property because of discussions regarding refinancing of the Property. There was also evidence Westfour did not gain actual knowledge of California First's deed of trust until it obtained a litigation guarantee subsequent to filing the complaint. Since the trial court's finding is supported by substantial evidence, we must accept it for the purposes of this appeal. (*Foreman & Clark Corp.* v. *Fallon, supra,* 3 Cal.3d at p. 881.)

Since Westfour did not have actual knowledge of California First's interest in the Property—namely, its status as the beneficiary of a deed of trust on the Property—at the time it filed its complaint, it satisfied the 90-day statute of limitations by designating California First as a Doe defendant. (*Grinnell, supra,* 183 Cal.App.3d at p. 354.) The fact "Westfour had actual knowledge of the identity of the Bank and its probable position as the construction lender at the time Westfour filed the Complaint" is irrelevant. As discussed above, it is Westfour's *actual knowledge* of California First's *interest in the Property* that is relevant. Westfour was not obligated to conduct a title search prior to filing the complaint to ascertain California First's interest in the Property. (*Grinnell, supra,* 183 Cal.App.3d at pp. 359, 361-362.)[1]

---

[1]California First cites *Herschfelt* v. *Knowles-Raymond Granite Co.* (1955) 130 Cal.App.2d 347, 352 [279 P.2d 104], for the proposition a plaintiff must "resort to information easily accessible" prior to filing a complaint. This statement is dictum. (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 434, p. 477.) It is also contrary to California Supreme Court authority. (*Irving* v. *Carpentier* (1886) 70 Cal. 23, 25-26 [11 P. 391].) Accordingly, we decline to follow it. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

California First also relies on *Scherer* v. *Mark* (1976) 64 Cal.App.3d 834, 840-841 [135 Cal.Rptr. 90], for the proposition ignorance of a defendant's identity may not be feigned. In *Scherer,* the court found plaintiff's ignorance to be feigned because she did not discover any

B. *The Alternative Grounds for Affirming the Judgment Advanced by California First Directly Contradict the Trial Court's Express Factual Findings*

Even though the trial court erred in holding Westfour's claims barred by the statute of limitations, California First argues we must nonetheless affirm the judgment on alternative grounds. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].) As we explain below, however, the alternative grounds advanced by California First directly contradict the trial court's express factual findings, findings which are supported by substantial evidence. Thus, they do not provide an alternative basis for affirming the judgment.

With certain exceptions not relevant here, Civil Code section 3097 requires all persons other than a person who is both "under direct contract with the owner" and "the contractor" to give preliminary notice to a construction lender within 20 days after commencing work on a project. The term "the contractor" in section 3097 has been interpreted to mean "the general or prime contractor for the entire project." (*Kodiak Industries, Inc.* v. *Ellis* (1986) 185 Cal.App.3d 75, 82, fn. 3 [229 Cal.Rptr. 418].) If a person is required to serve a preliminary 20-day notice but fails to do so, he cannot enforce a mechanic's lien. (Civ. Code, § 3114.)

In this case, it is undisputed Westfour did not serve a preliminary 20-day notice on California First, the construction lender. Thus, unless Westfour is found to have been the general contractor and under direct contract with the owner, its failure to serve a preliminary 20-day notice is fatal to its ability to enforce its mechanic's lien claims against California First. The trial court made the following factual findings as to the status of Westfour:

"Based on the evidence presented, Court finds that Westfour was a general contractor with respect to the work of improvement on the Property and that accordingly, no 20-day preliminary notice was required. In all respects, Westfour was dealing with and contracting directly with the owner of the Property. For these purposes, U.S. Allied Development Corporation was substantially the equivalent to Blatte for purposes of Westfour dealing with the owner in this matter. As such, Westfour was under direct contract with the owner (as defined in Civil Code § 3097(a)) and Westfour was 'the

"new facts" relating to her cause of action against the fictitiously named defendant subsequent to filing her complaint. (*Id.* at p. 841.) In this case, by contrast, Westfour discovered the existence of California First's deed of trust when it obtained a litigation guarantee subsequent to filing the complaint.

contractor' as described in Civil Code § 3097(b) and was not required to give any 20-day preliminary notice."

California First contends these findings were erroneous. In fact, there is substantial evidence in the record to support the findings. The trial court's finding "U.S. Allied Development Corporation was substantially the equivalent to Blatte for purposes of Westfour dealing with the owner in this matter" is supported by evidence the construction contract between U.S. Allied and Westfour referred to U.S. Allied as the "owner" and by evidence Westfour treated U.S. Allied as the "owner" of the Property. The trial court's finding Westfour was the general contractor is supported by evidence the construction contract referred to Westfour as "the contractor" (specifically contemplating Westfour might hire "subcontractors") and by testimony Westfour always acted as a general contractor and never as a subcontractor. We reject California First's contention Westfour "cannot possibly have been the general contractor for the entire project [because] [i]ts contract related to a discrete portion of the total improvements, which included two years of demolition and renovation of the exterior before appellant was even under contract." Based on the evidence presented at trial, the trial court could properly conclude Westfour had replaced Barnes as general contractor.

Since the trial court's findings Westfour was a general contractor and under direct contract with the owner are supported by substantial evidence, we must accept them for the purposes of this appeal. (*Foreman & Clark Corp.* v. *Fallon, supra*, 3 Cal.3d at p. 881.) In light of these findings, the trial court properly concluded Westfour was not required to give a preliminary 20-day notice to California First. (Civ. Code, § 3097.)

■ California First next argues if Westfour is found to have been a general contractor under direct contract with the owner it is in an "irreconcilable contradiction that mandates judgment against it." In particular, California First contends "[i]f appellant was a general contractor under separate contract with the owner and therefore excused from giving preliminary notice, appellant's mechanic's liens relate back only to when appellant's work began—almost two years after respondent's deed of trust was recorded—and respondent's construction loan deed of trust retains its recorded priority as a matter of law." (See Civ. Code, § 3134 [mechanic's lien has priority over previously recorded deed of trust only if it relates to work of improvement commenced prior to recording of deed of trust].)

California First's argument ignores the trial court's finding Westfour's work was part of the same work of improvement commenced by Barnes prior to the recording of California First's deed of trust on July 17, 1984.

This finding is supported by substantial evidence. California First's own witness admitted tenant improvements were part of the original project and that California First did not consider the project complete until the tenant improvement work was finished. Under these circumstances, the trial court properly concluded the tenant improvements performed by Westfour were part of the same work of improvement commenced by Barnes prior to the recording of California First's deed of trust. (See Civ. Code, § 3106 [defining "work of improvement" as "the entire structure or scheme of improvement as a whole"].) Accordingly, Westfour's mechanic's lien claims enjoy priority over California First's deed of trust. (Civ. Code, § 3134.)

## IV.  DISPOSITION

The judgment is reversed, with costs to Westfour. Since the trial court has yet to determine the nature of the judgment to be entered against California First, this case is remanded to the trial court for further proceedings not inconsistent with this opinion.

Kline, P. J., and Peterson, J., concurred.

A petition for a rehearing was denied March 30, 1992, and respondent's petition for review by the Supreme Court was denied June 11, 1992.