[No. 9368. Department Two. — June 17, 1886.]

HENRY P. IRVING, APPELLANT, *v.* H. W. CARPEN-
TIER ET AL., RESPONDENTS.

PRACTICE — DEFENDANT SUED BY FICTITIOUS NAME — SETTING ASIDE SUM-
MONS — DISMISSAL. — In an action to quiet title to land, when the com-
plaint alleges that the plaintiff is ignorant of the name of a defendant,
who is sued and served with summons under a fictitious name, as pro-
vided by section 474 of the Code of Civil Procedure, the defendant so
sued is not entitled to have the service of summons set aside and the
action dismissed upon showing that the plaintiff could have ascertained
his real name if he had exercised reasonable diligence in examining the
public records of the county.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion of the court.

*Henry P. Irving,* and *T. R. Wise,* for Appellant.

*H. S. Brown,* for Respondents.

THORNTON, J.—This is an action to quiet title to land
in Alameda County. The complaint contains this aver-
ment: "That H. W. Carpentier, J. P. Jones, Charles
Crocker, Leland Stanford, and others of whose names
plaintiff is ignorant, and whom he designates by the
names of Tom Jones, Mary Jones, John Smith, and John
Brown, and whose names when discovered he asks leave
to insert in an amendment to this complaint, all of whom
are in possession of the said land, and claim an interest
therein adverse to this plaintiff."

The summons in the action was on the 8th of Febru-
ary, 1883, served on the Pacific Improvement Company,
sued as Tom Jones.

On the 14th of February, 1883, the above-named com-
pany, by its attorney, H. S. Brown, gave notice to plain-
tiff that it would move the court on the 19th of February,
1883, to set aside the service of summons, and to dismiss

this action as to the company, on the ground that the plaintiff had notice at the time of the commencement of the action that the company claimed an interest in the premises in controversy adverse to him. The motion was subsequently made, and on the hearing there was filed on behalf of the company an affidavit of Frank S. Douty, its treasurer and assistant secretary, to the effect that plaintiff at the time of the commencement of the action (which was on the ninth day of February, 1882), and ever since the fourth day of February, 1881, had legal notice that this company was one of the parties who claimed an interest in the lands described in plaintiff's complaint in this, that on the fourth day of February, 1881, a deed from Charles Crocker to the company for the undivided two-thirds part of the lands was recorded in the office of the county recorder of the county of Alameda in Liber 214 of Deeds, page 359, as will fully appear by referring to said records, and had plaintiff exercised any care and diligence whatsoever in examining or searching the records of said county, he could and would have seen that the company claimed and held in fee-simple an undivided interest in said lands.

The affidavit of plaintiff was also read on the hearing, in which he stated that at the time of bringing this suit he did not know that the Pacific Improvement Company was the name of the defendant that claimed an interest in the property; that he knew some one did, but did not know the name, and therefore sued by a fictitious name; that in January last (1883) he first learned from Harvey S. Brown, who appeared as counsel in this case, that the Western Development Company was the true name of the defendant; that when he found out from the records what the true name of the defendant was, that was the first time he knew it; that no person was in possession when the action was brought; that the plaintiff knew of that, and that no one was in the open and visible occupation of the land.

The court granted the motion, to which the plaintiff excepted. Judgment of dismissal was accordingly entered, from which this appeal is prosecuted.

By section 474 of the Code of Civil Procedure it is provided that "when the plaintiff is ignorant of the name of a defendant he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."

In this case the plaintiff did make the averment (it is quoted above) required in the section above referred to.

This averment has never been regarded as traversable. It cannot be done by the answer. Then why should it be permitted to be traversed in any other mode?

Moreover, the affidavit of Douty does not show that plaintiff was ignorant. It shows that if he had examined a book of records named he would have discovered that a certain deed purported to be there recorded. But this does not show that the plaintiff was ignorant of the fact when he commenced his suit. It merely shows that he failed to examine a certain book, which if he had examined would have afforded him some information. His failure to examine tends to establish the fact of ignorance.

Further, the record of the deed mentioned was no notice to the plaintiff. It is only notice to subsequent purchasers and mortgagees (Civ. Code, sec. 1213), and it does not appear that the plaintiff belonged to either of these classes.

We know of no law which makes it the duty of a plaintiff to examine the records of a county recorder's office to find out names of parties defendant, the neglect of which will subject him to have the service of his summons set aside and the cause dismissed as to a person sued by a fictitious name, whose real name he might have found out by examining the record of deeds of the county in which the land embraced in the action is situ-

ated, when he has made the averment in the complaint required by the statute.

The statute above referred to is an enabling one, and should be so construed as to cure the evil it was designed to correct and advance the remedy. Persons are sometimes compelled to bring suits in haste. They have not time to ascertain the true names of parties to be made defendants. The statute of limitations may, in a day from the time the preparation of the complaint is commenced, effect a bar. Sometimes there is no means readily accessible of ascertaining the true names. The statute above referred to was enacted to afford a remedy in such cases. Should a plaintiff lose his right to have his case tried because of ignorance of the names of parties whom he has a right to sue, and as to whom he may have a good cause of action? How is the party sued by a name not his own injured? He loses no right by allowing a plaintiff to proceed as provided by the statute. He has every opportunity accorded to any other defendant to make his defense. He can demur or file his answer, and set up every defense which he is advised he can rely on.

The counsel for respondent herein likens this case to that of a party allowed to bring an action for relief on the ground of fraud, in which case the cause of action is not deemed to have accrued until the discovery by the party aggrieved of the facts constituting the fraud. In construing this rule, it has always been held that a party discovers the fraud when by the use of reasonable diligence he might have ascertained the facts constituting the fraud. But the rule prescribed by the statute in this case is entirely different. It is when he is actually ignorant of a certain fact, not when he might by the use of reasonable diligence have discovered it. Whether his ignorance is from misfortune or negligence, he is alike ignorant, and this is all the statute requires. This is the true meaning of the statute. We adopt it the more

readily because the party thus brought in as a defendant loses no rights by it.

We think for the foregoing reasons that the judgment is erroneous and should be reversed, and the court below directed to vacate the order setting aside the service of summons.

Rosencrantz v. Rogers, 40 Cal. 489, has no application here. In that case the complaint did not contain the averment as to ignorance required by the statute. The plaintiffs therein did not bring themselves within the provisions of the statute. The defendants appeared on the face of the complaint to be sued by their true names. Further, in that case there was actual and continued occupancy by the persons claiming the land sued for at the time and long before the suit was commenced. Here it is stated in the affidavit of plaintiff, and is not denied, that there was no actual occupation when the action was begun.

It was useless for the plaintiff to offer to amend, as the court below must have ruled that he had not brought himself within the statute.

The judgment is reversed, and the cause remanded, with directions to the court below to vacate the order setting aside service of summons, and to permit the plaintiff to amend his complaint by inserting the name of the Pacific Improvement Company as a party defendant, the company to be allowed ten days to answer after service of notice of the above amendment.

McKEE, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.