Filed 5/10/16

**CERTIFIED FOR PUBLICATION**
**SEE CONCURRING OPINION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CARLOS McCLATCHY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COBLENTZ, PATCH, DUFFY & BASS, LLP,<br><br>    Defendant and Respondent. | A144391<br><br>(San Francisco City & County<br>Super. Ct. No. PTR-11-294985) |

Appellant Carlos McClatchy is the beneficiary of an irrevocable trust that was administered by a now-deceased partner of respondent law firm Coblentz, Patch, Duffy & Bass, LLP (the Firm). This appeal is taken from an order granting the Firm's motion to quash service of an amended petition seeking damages for the alleged mismanagement of that trust. (Code Civ. Proc., § 904.1, subd. (a)(3).)[1] Appellant argues the trial court erred when it found he did not comply with section 474 in attempting to substitute the Firm as a Doe defendant. We affirm.

### I. BACKGROUND

William Coblentz was a partner in the Firm and died in 2010. He served for many years as a trustee for the Trust for the Primary Benefit of James B. McClatchy dated November 15, 1974 (the Trust) before resigning in 2009. Appellant is one of two income beneficiaries of the Trust.

---

[1]    Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

On September 19, 2012, appellant filed a "Petition for Relief from Breach of Trust" under Probate Code section 17200, subdivision (a), seeking damages for the alleged mismanagement of the Trust's assets. The petition named five former trustees including Coblentz. Included in the petition was the following allegation: "Petitioner is ignorant of the true names and capacities of the Respondents named herein as Does 1 through 20, inclusive, and therefore names these Respondents by such fictitious names."

On July 2, 2014, appellant filed an amended petition substituting the Firm as Doe No. 2. The amended petition alleged that after reading a Securities and Exchange Commission (SEC) filing dated April 24, 2004, appellant became aware that Coblentz's actions as trustee had been undertaken in his capacity as a partner in the Firm, making the Firm vicariously liable for those actions.

The Firm responded with a motion to quash service of the summons and additionally filed a demurrer and motion to strike the punitive damages allegation. (§§ 418.10, subd. (a)(1), 430.10, 435.) In the motion to quash, the Firm argued appellant was not entitled to use the Doe defendant procedure under section 474 because he had known the Firm's identity and the facts allegedly giving rise to its liability when the original petition was filed. In the demurrer, the Firm argued appellant's claims were time barred under the relevant statutes of limitations.

The trial court granted the motion to quash and issued an order stating, "Petitioner knew all the relevant facts from which he now draws his conclusions about the law firm's involvement prior to filing the [original] petition." It found the demurrer to be moot in light of the ruling on the motion to quash.

## II. DISCUSSION

Section 474 allows a plaintiff who is ignorant of a defendant's identity to designate the defendant in a complaint by a fictitious name (typically, as a "Doe"), and to amend the pleading to state the defendant's true name when the plaintiff subsequently

2

discovers it.[2]  When a defendant is properly named under section 474, the amendment relates back to the filing date of the original complaint.  (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176.)  Section 474 provides a method for adding defendants after the statute of limitations has expired, but this procedure is available only when the plaintiff is actually ignorant of the facts establishing a cause of action against the party to be substituted for a Doe defendant.  (*Optical Surplus, Inc. v. Superior Court* (1991) 228 Cal.App.3d 776, 783 (*Optical Surplus*).)  "The question is whether [the plaintiff] knew or reasonably should have known that he had a cause of action against [the defendant]."  (*Wallis v. Southern Pac. Transportation Co.* (1976) 61 Cal.App.3d 782, 786 (*Wallis*).)

"Ignorance of the *facts* giving rise to a cause of action is the 'ignorance' required by section 474, and the pivotal question is, ' "did plaintiff know *facts*? " not "did plaintiff know or believe that [he] had a cause of action based on those facts? " ' "  (*General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 594 (*General Motors*), citing *Scherer v. Mark* (1976) 64 Cal.App.3d 834, 841; see *Hazel v. Hewlett* (1988) 201 Cal.App.3d 1458, 1464–1465 (*Hazel*).)  "Although it is true that a plaintiff's ignorance of the defendant's name must be genuine (in good faith) and not feigned [citation] and that a plaintiff need not be aware of each and every detail concerning a person's involvement before the plaintiff loses his ignorance [citation], it is equally true that the plaintiff does not relinquish her rights under section 474 simply because [he] has a suspicion of wrongdoing arising from one or more facts [he] does know."  (*General Motors*, at pp. 594–595.)

Appellant alleged in his amended petition that Coblentz was acting on behalf of the Firm when he performed his duties as trustee, and that he (appellant) did not become aware of that fact until after he filed the original petition, when he saw an SEC filing in

---

[2]  Section 474 provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ."

which Coblentz had used the address of his law firm and had indicated he was a partner in the firm.[3]  However, the evidence presented by the Firm in support of the motion to quash showed that Coblentz had conducted the Trust's business using the firm address and firm letterhead for a number of years, and that appellant was aware of this when he filed the original petition.  Substantial evidence supports the trial court's determination that when appellant filed the original petition, he was not ignorant of the facts on which his claims against the Firm are based.  (See *Balon v. Drost* (1993) 20 Cal.App.4th 483, 487; *Wallis*, *supra*, 61 Cal.App.3d at p. 786; *Breceda v. Gamsby* (1968) 267 Cal.App.2d 167, 176 [ruling under section 474 reviewed for substantial evidence].)

Our conclusion finds support in *Hazel*, *supra*, 201 Cal.App.3d at page 1458, in which the plaintiff brought a dental malpractice action for injuries suffered as a result of tooth extractions performed without antibiotics.  (*Id*. at pp. 1462–1463.)  The plaintiff named as a defendant the dentist in charge of the practice, who performed the initial tooth extractions, and later substituted as a Doe defendant a second dentist who had performed

---

[3]   The amended petition filed by appellant included the following allegations in support of the Firm's liability and its substitution in as a party under section 474:  "35. PETITIONER is informed and believes and thereupon alleges that William Coblentz served as TRUSTEE in his capacity as a partner and managing agent of the COBLENTZ LAW FIRM.  PETITIONER is further informed and believes and thereupon alleges that William Coblentz's service as TRUSTEE was undertaken as an incident of the COBLENTZ LAW FIRM's legal representation of the McClatchy family and in the ordinary course of the COBLENTZ LAW FIRM's business.  The COBLENTZ LAW FIRM is accordingly liable as a principal for the breaches of trust and other wrongdoing of its partner William Coblentz as alleged herein. [¶] 36.  *After the filing of this action, PETITIONER discovered that on or about April 24, 2004, William Coblentz signed and caused to be filed a form SC 13D/A pursuant to the federal securities laws in his capacity as a TRUSTEE of the TRUST. . . . [¶] 37.  In this 4/24/2004 form 13D/A filing in his capacity as TRUSTEE, William Coblentz stated: 'This statement is filed on behalf of William K. Coblentz, a United States citizen, whose business address is One Ferry Building, Suite 200, San Francisco, California, 94111.  William K. Coblentz is an attorney at law and senior law partner in the law firm (professional corporation) of Coblentz, Patch, Duffy & Patch.' [¶] 38.  One Ferry Building, Suite 200, San Francisco, California 94111 is* (*and was as of 4/24/2004*) *the address of the COBLENTZ LAW FIRM*."  (Italics added.)

4

the remaining tooth extractions. (*Id*. at pp. 1461–1463.) The Court of Appeal affirmed a judgment entered in favor of the second dentist based on a statute of limitations defense, concluding the substitution of that dentist as a Doe defendant was improper and did not relate back to the filing of the original complaint. (*Id*. at p. 1464.) It rejected the plaintiff's argument that he did not know about the professional relationship between the second dentist and the first until the first dentist submitted answers to interrogatories describing the second dentist as an "associate." (*Id*. at p. 1465.) Assuming a professional relationship between the two dentists was required to establish the second dentist's liability, substantial evidence showed the plaintiff knew of this relationship on the day the extractions were performed. (*Id*. at p. 1465.)

Similarly, appellant knew of the professional relationship between Coblentz and the Firm when he filed his original petition, and was aware that Coblentz had used the Firm's office and letterhead when handling the affairs of the Trust. The trial court could reasonably conclude the SEC document "discovered" by plaintiff after he filed his original petition did not add to or subtract from the relationship between Coblentz, the Firm and the Trust as it was understood by appellant. Appellant notes that after the amended petition was filed, he learned through discovery that (1) the Firm's legal malpractice insurance policy covered Coblentz's actions as a trustee, and (2) Coblentz had been exempted from a written Firm policy that generally prohibited lawyers in the Firm from serving as trustees. But these facts do not tend to show Coblentz was acting *on behalf of* the firm when he engaged in his duties as a trustee.

Appellant argues the trial court did not apply the appropriate legal standard in assessing his ignorance under section 474 because it focused on whether he had discovered new facts after the original petition was filed that would justify adding the Firm as a defendant. He contends the only relevant inquiry is whether the Firm's liability appeared "probable" when he filed his original petition; if it did not, he asserts, he is entitled to amend his petition to substitute the Firm as a Doe defendant—period—without regard to his discovery of new facts.

In support of his claim, appellant cites language in *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 943 (*McOwen*), which in turn cited *Diekmann v. Superior Court* (1985) 175 Cal.App.3d 345, 363 (*Diekmann*): "If the identity of the Doe defendant is known but, at the time of the filing of the complaint the plaintiff did not know facts that *would cause a reasonable person to believe that liability is probable*, the requirements of section 474 are met. 'Section 474 allows a plaintiff in good faith to delay suing particular persons as named defendants until he has knowledge of *sufficient facts to cause a reasonable person to believe liability is probable*.' " (Italics added.) Appellant submits that when he filed the original petition, Coblentz's status as a partner in the Firm gave rise to a "mere suspicion" of wrongdoing (*General Motors*, *supra*, 48 Cal.App.4th at pp. 594–595), and was not enough by itself to establish the probable liability of the Firm for Coblentz's actions as trustee.

While we would agree with appellant's assertion regarding the lack of liability flowing from the partnership relationship in and of itself, appellant ignores the evidence presented by the Firm demonstrating that appellant also knew Coblentz had used the Firm's business address and offices when carrying out his duties on behalf of the Trust. Whether or not these additional actions by Coblentz would establish the Firm's liability for Coblentz's actions as trustee, the SEC filing on which appellant relies in support of the substitution under section 474 is simply more of the same. Nothing in *McOwen*, *supra*, 153 Cal.App.4th 937, or *Diekmann*, *supra*, 175 Cal.App.3d 345, suggests a Doe defendant substitution may be based on a later-drawn legal conclusion arising from the discovery of an additional fact when that fact does not add anything to the theory of liability apparent at the time of the original pleading. And nothing in the trial court's written order or its comments at the hearing on the motion to quash suggest it employed an erroneous legal standard in ruling on the motion.

In his reply brief, appellant makes explicit an argument that was only implicit in his opening brief, namely, that he is entitled to invoke section 474 because the facts, including those he learned after filing the original petition, "fell far short of facts that would 'cause a reasonable person to believe that liability was probable.' " In other

6

words, because appellant has *never* been in possession of facts making it probable that Coblentz was acting on behalf of the Firm when he performed his duties as trustee of the Trust, appellant was necessarily "ignorant" of the Firm's identity under section 474 when he filed the original petition. If a defendant cannot invoke section 474 to assert a *meritorious* claim based on facts of which he was aware when the original pleading was filed, we see no reason why he should be able to invoke that provision to effectively toll the statute of limitations on an *unmeritorious* claim.

Appellant also argues the trial court "exceeded the relief requested" in the motion to quash by dismissing the accompanying demurrer as moot. He claims this aspect of the court's ruling "had the practical effect of sustaining the demurrer, or finding that the statute of limitations had run, without ever addressing that issue." We are not persuaded.

Improper service of a defendant under section 474 may be attacked by a motion to quash. (*Optical Surplus, supra*, 228 Cal.App.3d at p. 782–783 [trial court is required, as a matter of law, to grant motion to quash service of summons when party is wrongly served as Doe defendant].) "If the terms of . . . section 474 have not been complied with, the purported defendant has not been named as such in the complaint. A service upon one not named in a complaint does not confer jurisdiction to proceed upon the complaint against him, and a motion to quash is proper." (*Maier Brewing Co. v. Flora Crane Service, Inc.* (1969) 270 Cal.App.2d 873, 875; but see *A.N. v. City of Los Angeles* (2009) 171 Cal.App.4th 1058, 1063–1065 [motion to quash under § 418.10 challenges personal jurisdiction and may not be the proper procedure to challenge Doe amendment, but court should look to substance of motion, not its label, in assessing whether section 474 was satisfied].)

The effect of the order granting the Firm's motion to quash was that the firm was not named in the amended petition and was not a party to the litigation. The Firm's demurrer became moot at that point because the court was not capable of granting relief to either appellant or the Firm. (See *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573–1574 [in assessing mootness "[t]he pivotal question . . . is . . . whether the court can grant the plaintiff any effectual relief"].)

7

We observe that the order granting the motion to quash does not necessarily end the Firm's involvement in this litigation.  The trial court did not, as appellant asserts, dismiss the Firm from the action.  A motion to quash service challenges only the lack of jurisdiction over the person and, when ruling on such a motion, the trial court is not permitted to determine the merits of the complaint.  (*Nelson v. Horvath* (1970) 4 Cal.App.3d 1, 4–5.)  The litigation has not been terminated; the court simply determined that appellant has no cause of action against the Firm *as a Doe defendant*.  Appellant is not precluded from amending the petition to join the Firm as a named defendant in its own right and to include causes of action for which the statute of limitations has not run. (See *Davis v. Marin* (2000) 80 Cal.App.4th 380, 387 [§ 474's analytical approach need not be used for claims as to which the statute of limitations has not expired]; *Wallis*, *supra*, 61 Cal.App.3d at p. 787 [statute of limitations tolled by serving amended complaint within limitations period, even if criteria of § 474 were not met].)[4]

## III.  DISPOSITION

The order granting the motion to quash is affirmed.  Costs on appeal are awarded to respondent.

---

[4]    In his opening brief, appellant asserts the statute of limitations had not run on at least some of his claims against the Firm as of the time the amended petition was filed under section 474.

_____

NEEDHAM, J.

I concur.

_____

SIMONS, J.

(A144391)

Superior Court of the City and County of San Francisco, No. PTR-11-29485, Peter J. Busch, Judge.

Law Offices of Gilmur R. Murray, Gilmur R. Murray; Seiler Epstein Ziegler & Applegate, Mark L. Mosley; and Brian Connors for Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet, Steven S. Fleischman; Shartsis Friese, Joel Zelden, Frank A. Cialone and Roey Z. Rahmil for Defendant and Respondent.

JONES, P.J., concurring.

I concur fully in the judgment of affirmance. I write separately only to respond more directly to appellant Carlos McClatchy's argument that he had no duty to substitute the Firm as a named defendant under Code of Civil Procedure section 474 (section 474) because he lacked facts causing him to believe the Firm's liability is "probable."

Appellant's September 19, 2012 "Petition for Relief from Breach of Trust" sought damages for alleged mismanagement of an irrevocable trust of which he is a beneficiary. The petition named as respondents William Coblentz and other former trustees of the Trust. It also sought relief from certain unidentified "Doe" respondents, alleging appellant was "ignorant of the true names and capacities of the Respondents named herein as Does 1 through 20 . . . ." Almost two years later, appellant filed an amended petition and sought to use section 474 to substitute the Firm as Doe No. 2. The trial court granted the Firm's motion to quash service of the summons, finding appellant "knew all the relevant facts from which he now draws his conclusions about the . . . [Firm's] involvement prior to filing the petition." On appeal, we ask only "whether substantial evidence exists to warrant the trial court's finding." (*Wallis v. Southern Pac. Transportation Co.* (1976) 61 Cal.App.3d 782, 786 (*Wallis*).)

As relevant here, section 474 provides, "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly[.]" This section "enable[s] a plaintiff to commence an action before it has become barred by the statute of limitations due to plaintiff's ignorance of the identity of the defendant." (*Wallis, supra,* 61 Cal.App.3d at p. 786.) While "a plaintiff's ignorance of the defendant's name must be genuine (in good faith) and not feigned" (*General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 594 (*General Motors*)), the plaintiff is under no duty "to exercise reasonable diligence prior to filing the complaint to discover the defendant's identity or the facts giving rise to a cause of action against the defendant[.]" (*Snoke v. Bolen* (1991)

1

235 Cal.App.3d 1427, 1432.)  Section 474 has long been liberally construed to accomplish the purpose of enabling a plaintiff to substitute a named defendant for a fictitiously named defendant where the defendant's name was known, but the facts giving rise to a cause of action were not.  (See, e.g., *General Motors, supra,* 48 Cal.App.4th at p. 594 [even though plaintiff knows of defendant's existence and actual identity, "plaintiff is 'ignorant' within the meaning of the statute if he lacks knowledge of that person's connection with the case or with his injuries"]; *Wallis, supra,* 61 Cal.App.3d at p. 786 ["A plaintiff is 'ignorant of the name' if he knows the identity of the person but is ignorant of the facts giving him a cause of action against such person."].)  Stated differently, the statute applies where, at the time the action was filed, the plaintiff knew the defendant's identity but was unaware of the potential for a cause of action against the newly substituted defendant.  (*Mishalow v. Horwald* (1964) 231 Cal.App.2d 517, 521-522 [plaintiff may proceed under § 474 " 'where the failure to name the defendant in the complaint was due to ignorance of . . . the facts linking such defendant with the cause of action sued on"].)

Appellant contends it is "irrelevant" that he knew the identity of the Firm and that Coblentz was a partner in the Firm during the time of the alleged breach of trust.  While this knowledge is not irrelevant, I agree knowledge of the Firm's name and identity is not dispositive.  The question is what *additional* knowledge will foreclose appellant's right to use section 474 and the relation back doctrine to avoid the bar of the statute of limitations.

Appellant argues the test is whether, in addition to knowing the Firm's identity and the fact that William Coblentz was a partner in the Firm, he "*also* knew of facts making it probable that the Coblentz Firm was liable for the acts and omissions of Mr. Coblentz *as Trustee*."  As support for this argument, appellant cites three cases, but the relevant language in all of them is taken directly from *Dieckmann v. Superior Court* (1985) 175 Cal.App.3d 345 (*Dieckmann*).  (See *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 943 (*McOwen*), quoting *Dieckmann, supra,* 175 Cal.App.3d at p. 363; *Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1172 [same]; *General Motors, supra,* 48

2

Cal.App.4th at p. 595 [same].) *Dieckmann* stated: "Section 474 allows a plaintiff in good faith to delay suing particular persons as named defendants *until he has knowledge of sufficient facts to cause a reasonable person to believe liability is probable*. The distinction between a suspicion that some cause could exist and a factual basis to believe a cause exists is critical in the operation of section 474. The former is one reason attorneys include general charging allegations against fictitiously named defendants; the latter requires substitution of the defendant's true name." (*Dieckmann, supra,* 175 Cal.App.3d at p. 363, italics added.) As I explain, the foregoing italicized phrase is, in my view, an isolated and unfortunate misstatement of the standard, a standard which *Dieckmann* otherwise consistently set forth.

Section 474 was enacted in 1872 and last amended in 1955. Since that time, cases have consistently construed the statute as permitting a plaintiff to delay suing persons or entities whose identity is known so long as the plaintiff remains "ignorant of the facts giving him a cause of action against [the defendant]."[1] (*Wallis, supra,* 61 Cal.App.3d at p. 786.) Any question about the proper standard should have been put to rest by the California Supreme Court's opinion in *Marasco v. Wadsworth* (1978) 21 Cal.3d 82 (*Marasco*), in which the court explicitly agreed with the statement in *Barnes v. Wilson, supra,* 40 Cal.App.3d at page 205 that "[t]he plaintiff is deemed 'ignorant of the name' if he knew the identity of the person but was ignorant of facts giving him a cause of action against the person . . ." (*Marasco, supra,* 21 Cal.3d at p. 88.) Under this standard, "[t]he

_____

[1] Other cases prior to *Dieckmann* articulate the standard in language similar to that used in *Wallis*. (See, e.g., *Scherer v. Mark* (1976) 64 Cal.App.3d 834, 840 ["plaintiff is deemed 'ignorant of the name' if he knew the identity of the person but was ignorant of facts giving him a cause of action against the person . . ."], quoting *Barnes v. Wilson* (1974) 40 Cal.App.3d 199, 205; *Oakes v. McCarthy Co.* (1968) 267 Cal.App.2d 231, 253 ["if the plaintiff is ignorant of the basis of liability against such a defendant, the defendant may be held as a party defendant under section 474"]; *Breceda v. Gamsby* (1968) 267 Cal.App.2d 167, 174 ["knowledge of facts giving [the plaintiff] a cause of action against [the defendant]"]; *Garrett v. Crown Coach Corp.* (1968) 259 Cal.App.2d 647, 650 ["even though the plaintiff may know of the existence of a person, the plaintiff is 'ignorant' within the meaning of section 474 if he lacks knowledge of that person's connection with the case"].)

3

pivotal question in this regard is 'did plaintiff know *facts*?' not 'did plaintiff know or believe that she had a cause of action based on those facts?' " (*Scherer v. Mark, supra,* 64 Cal.App.3d at p. 841.)

These cases show that *Dieckmann's* formulation of the standard—which would allow a plaintiff to delay substituting a defendant's true name until the plaintiff has "knowledge of sufficient facts to cause a reasonable person to believe liability is probable"—is unsupported by any statutory or case authority. Indeed, *Dieckmann* itself sets forth what I believe to be the correct standard at other points in the opinion. (See *Dieckmann, supra,* 175 Cal.App.3d at p. 351, fn. 2 [" ' "The plaintiff is deemed 'ignorant of the name' if he knew the identity of the person but was ignorant of the facts giving him a cause of action against the person [citations] . . . ." " " "]; *id.* at p. 362 [noting "there was no evidence on the record before [the trial court] proving or indicating that plaintiff knew facts giving rise to a products liability action against" the defendant].) Thus, the troubling passage from *Dieckmann* may be no more than an inadvertent misstatement. Regrettably, however, cases such as *General Motors* have repeated the phrase, even though they also recite the correct and less permissive standard. (Compare *General Motors, supra,* 48 Cal.App.4th at p. 594 ["the plaintiff is 'ignorant' within the meaning of the statute if he lacks knowledge of that person's connection with the case or with his injuries"] with *id.* at p. 595 [quoting *Dieckmann* standard]; see also *McOwen, supra,* 153 Cal.App.4th at pp. 942, 943 [reciting both standards].)

In my view, appellant could not wait to name the Firm until he had "knowledge of sufficient facts to cause a reasonable person to believe liability is probable." (*Dieckmann, supra,* 175 Cal.App.3d at p. 363.) The phrase "liability is probable" suggests a level of proof sufficient to meet the preponderance of the evidence standard. This would authorize delay in seeking amendment under section 474 until well after a plaintiff became aware of facts indicating the existence of a potential cause of action against the Doe defendant. I believe that the proper interpretation of section 474 requires a plaintiff to substitute a fictitiously named defendant's true name once the plaintiff

4

becomes aware of the facts giving him a cause of action against that defendant. (*Marasco, supra,* 21 Cal.3d at p. 88.)  The law requires no more.

It is evident the trial court applied the correct standard here when it found appellant "knew all the relevant facts from which he now draws his conclusions about the . . . [Firm's] involvement prior to filing the petition."  This is simply another way of saying appellant already knew of the existence " 'the facts giving him a cause of action against the [Firm]. . . .' "  (*Marasco, supra,* 21 Cal.3d at p. 88.)  Whether appellant knew or subjectively believed he had a cause of action against the Firm based on those facts is not the test.  (See *Scherer v. Mark, supra,* 64 Cal.App.3d at p. 841.)  Furthermore, I agree with my colleagues that there is substantial evidence to support the trial court's finding. (*Wallis, supra,* 61 Cal.App.3d at p. 786.)  I therefore agree the order granting the motion to quash must be affirmed.

_____

Jones, P.J.

5