Filed 4/25/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SUSAN HAHN et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>NEW YORK AIR BRAKE LLC,<br><br>        Defendant and Respondent. | A161199<br><br>(San Francisco City and County<br>Super. Ct. No. CGC-16-276534) |

Richard Hahn died in August 2016 from mesothelioma. Two months later, his heirs filed an asbestos wrongful death action.  The complaint named a number of Doe defendants.  More than a year after Hahn's death, plaintiffs substituted New York Air Brake (Air Brake) for one of the Does, under Code of Civil Procedure section 474.[1]

The trial court granted Air Brake's motion for summary judgment, concluding that plaintiffs could not invoke section 474 because they "knew or should have known" facts establishing a cause of action against Air Brake when they first filed their complaint, and their action was thus untimely (§ 340.2).  We reverse.  Compliance with section 474 is determined by the facts that a plaintiff actually knew at the time she filed the complaint, not the facts she should have known.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

## BACKGROUND

### A.

Section 474 allows a plaintiff who is ignorant of a defendant's identity to commence suit—before the statute of limitations runs—by using a fictitious name for that defendant and then amending her complaint when the defendant's true name is discovered. (*Austin v. Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 602-603; accord, § 474.) If the statute's requirements are satisfied, the amendment relates back and the substituted defendant is considered to have been a party from the action's start. (*McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 371 (*McClatchy*).)

### B.

In 2015, Richard Hahn and Susan Hahn (a plaintiff here) filed a personal injury/loss of consortium action (*Hahn I*) in which they alleged that Richard Hahn's mesothelioma was caused, at least in part, by exposure to asbestos at his job with the San Francisco Municipal Transportation Agency (the Agency).

Air Brake was never named as a defendant in *Hahn I.* However, Richard and Susan Hahn's counsel took the deposition of Michael Ellis, in October 2015, who was designated as the Agency's person most knowledgeable on brake components used in its light rail vehicles. In addition to testifying that Boeing manufactured the light rail vehicles the Agency used at the time of Richard Hahn's employment, Ellis also testified that Air Brake "designed, developed and built the braking system" for those vehicles. Ellis testified specifically that Air Brake "manufactured the calipers, . . . the A79, [and] the boosters." Ellis also said that Bendix made brake pads used in the Boeing light rail vehicles and that he did not know if the brake pads contained asbestos. Ellis did not testify that any product supplied or designed by Air Brake contained asbestos.

2

**C**.

About two months after Richard Hahn's death, plaintiffs filed their complaint (*Hahn II*), which alleged his death was caused, at least in part, by exposure to asbestos and asbestos-containing products at his job with the Agency. Plaintiffs asserted negligence and products liability causes of action against Boeing. Air Brake was not initially named as a defendant. But plaintiffs named "D[oes] 1 through 800" as defendants and alleged that the Doe defendants' true names were unknown.

Later, Boeing produced documents indicating that Air Brake designed and supplied the brakes for Boeing's light rail vehicles *and* that Air Brake specified the use of asbestos-containing brake pads. Within a month of receiving these documents, plaintiffs filed an amended complaint substituting Air Brake for one of the fictitiously named Doe defendants.

**D.**

Air Brake filed a motion for summary judgment. Air Brake argued that section 474 did not apply, and that plaintiffs' claims against it were barred by section 340.2, because plaintiffs had not been ignorant of Air Brake's identity when the *Hahn II* complaint was originally filed in 2016.

In support, Air Brake presented evidence that purportedly showed plaintiffs knew of Air Brake's identity and the facts underlying its alleged liability before Richard Hahn's death. Specifically, Air Brake demonstrated that Susan Hahn knew before Richard Hahn's death, as a result of *Hahn I*, that he had been exposed to asbestos dust through his work in close proximity to mechanics removing and replacing asbestos-containing brakes on light rail vehicles manufactured by Boeing. Air Brake also relied on Ellis's deposition testimony.

The trial court granted Air Brake's motion, concluding Ellis's testimony established that plaintiffs "either knew or

3

should have known" they had a cause of action against Air Brake when they filed the original *Hahn II* complaint.  Accordingly, the later substitution of Air Brake did not relate back (§ 474) and was barred by the statute of limitations (§ 340.2).  The trial court entered judgment in Air Brake's favor.

## DISCUSSION

We review the trial court's order on summary judgment de novo, liberally construing the evidence in favor of plaintiffs, the party opposing summary judgment.  (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.)

### 1.

We agree with plaintiffs that the trial court applied the wrong legal standard to determine whether plaintiffs properly invoked section 474.

The test is whether, at the time the complaint was filed, the plaintiff " 'was ignorant of the facts giving [her] a cause of action against the person.' "  (*Marasco v. Wadsworth* (1978) 21 Cal.3d 82, 88.)  The focus is on the *facts* that the plaintiff knew, not on whether the plaintiff subjectively knew she had a cause of action based on those facts.  (*General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 594-595.)  While the plaintiff's ignorance must be genuine, and the plaintiff cannot claim ignorance simply because she did not know all the details of the person's involvement, the plaintiff is not barred from invoking section 474 merely because she suspected the person of wrongdoing based on an incomplete set of facts.  (*Ibid.*; accord, *McClatchy, supra,* 247 Cal.App.4th at p. 372.)

The trial court applied a more onerous standard: whether the plaintiffs "knew or should have known [the facts giving them] a cause of action against" Air Brake when they filed their complaint.  This was error.  The trial court's standard suggests that, when a plaintiff is ignorant of the requisite facts, she has a

4

duty to exercise reasonable diligence to obtain facts that she "should have known." Section 474 imposes no such duty.

Our Supreme Court blessed negligent ignorance in *Irving v. Carpentier* (1886) 70 Cal. 23, 26, and that remains the law today. (See *Ibid*. ["[w]hether [plaintiff's] ignorance is from misfortune or negligence, [plaintiff] is alike ignorant, and this is all the statute requires"]; *General Motors Corp. v. Superior Court, supra*, 48 Cal.App.4th at p. 596; *Snoke v. Bolen* (1991) 235 Cal.App.3d 1427, 1432.) The rule makes sense. If a reasonable diligence standard governed section 474, plaintiffs would be incentivized to routinely name any and all persons who might conceivably have some connection with the suit at the outset. (*Munoz v. Purdy* (1979) 91 Cal.App.3d 942, 947-948.)

The trial court appears to have relied on a passing statement in this division's *McClatchy* opinion: " 'The question is whether [the plaintiff] knew or reasonably should have known that [she] had a cause of action against [the defendant].' " (*McClatchy, supra,* 247 Cal.App.4th at p. 372.) But *McClatchy* does not endorse a duty to investigate reasonably available facts. Immediately before this statement, the court identified the correct test—whether "the plaintiff is actually ignorant of the facts establishing a cause of action." (*Ibid*.) Reading these statements together, we conclude the court meant that a plaintiff is not ignorant if she knows enough facts to state a cause of action, without regard to whether she subjectively understands the facts' legal significance. On appeal, Air Brake does not defend the trial court's standard.

**2.**

Applying the correct standard, Air Brake did not meet its burden to show that, when they filed their complaint, plaintiffs actually knew facts giving them a cause of action against Air Brake.

5

To have a cause of action against a manufacturer for asbestos-related latent injuries, a plaintiff must "establish some threshold exposure to *the defendant*'s defective *asbestos-containing* products[.]" (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 982-983, italics omitted and added; cf. *O'Neil v. Crane Co.* (2012) 53 Cal.4th 335, 342, 362.) Accordingly, our Supreme Court has instructed plaintiffs to wait to name a particular defendant until they have a sufficient basis to allege that the defendant manufactured or supplied a particular toxin and to protect themselves against the statute of limitations by naming Doe defendants in the interim. (*Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, 81.)

Here, Ellis did not testify that Air Brake manufactured or supplied any asbestos-containing brake parts. In fact, Ellis testified that Bendix was the only manufacturer of brake pads used on the Agency's light rail vehicles that he could remember. And he did not know if any of the brake pads contained asbestos. Nor did Air Brake present any other evidence that plaintiffs *actually* knew, when they filed their original complaint, facts indicating Air Brake's braking system used or required any asbestos-containing part. The fact that plaintiffs alleged that brake dust was the source of asbestos did not foreclose, for example, the possibility that Air Brake designed a system that specified non-asbestos brake pads, but Boeing opted to install asbestos brake pads instead.

Air Brake failed to meet its burden to establish that plaintiffs were aware in 2016 of the basic facts giving rise to a negligence or products liability cause of action against it. (*Marasco v. Wadsworth, supra,* 21 Cal.3d at p. 88.) Accordingly, the trial court erred in granting Air Brake's motion for summary judgment. We need not consider plaintiffs' additional claims of error.

6

**DISPOSITION**

The judgment is reversed. Plaintiffs are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

FUJISAKI, J.*

A161199

* Associate Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

San Francisco City and County Superior Court Case No. CGC-16-276534.  The Honorable Cynthia Ming-mei Lee.

Brayton Purcell LLP, Gilbert L. Purcell, Richard M. Grant and Christine A. Renken, for Plaintiffs and Appellants.

CMBG3 Law, P.C., Christine D. Calareso and Gilliam F. Stewart, for Defendant and Respondent.