Filed 12/4/24  Garey v. St. Jude Medical CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| CYNTHIA GAREY et al., | B328450 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 19STCV27376) |
| v. | |
| ST. JUDE MEDICAL, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel M. Crowley and Michael C. Small, Judges. Reversed and remanded.

The Law Offices of Stephen L. Backus, Stephen L. Backus; Martin Walton Law Firm and Michael B. Martin for Plaintiffs and Appellants.

Winston & Strawn, Andrew E. Tauber, Alexander H. Cote; Mayer Brown, Daniel L. Ring and Joseph J. Vescera for Defendant and Respondent.

Plaintiffs and appellants Cynthia Garey, individually and on behalf of the estate of Philip Garey; Shannon Garey; Erin Kelley; and Megan Mackelvie (collectively, appellants) appeal from the trial court's judgment of dismissal following St. Jude Medical, LLC's (respondent) successful demurrer. Appellants also challenge Abbott Laboratories and Abbott Laboratories, Inc.'s[1] (collectively, the Abbott Defendants) motion to quash service of summons, but we decline to decide that matter because ruling on the motion was not appealed. We conclude leave to amend should be granted to allow appellants to substitute respondent for a Doe defendant under Code of Civil Procedure section 474.[2] Thus, we reverse and remand.

## BACKGROUND

**Appellants' complaint**

Appellants are the survivors of Philip Garey, who suffered from an arrhythmia or irregular heartbeat. Garey's heart condition required him to receive his first implantable cardiac defibrillator (ICD) in 2006 to regulate his heartbeat. In August 2017, Garey was rushed to the emergency room when he began experiencing distress to his heart from shocks from the ICD. Garey died the next morning at the hospital.

In August 2019, appellants sued the Abbott Defendants and Raymond Schaeref. Appellants filed a second amended

---

[1]     Abbott Laboratories, Inc., was sued as "Abbott Laboratories, Inc. d/b/a Abbott Sales, Marketing & Distribution Co." (Capitalization omitted.)

[2]     All undesignated statutory references are to the Code of Civil Procedure.

complaint (SAC)[3] in June 2021, naming respondent St. Jude Medical, LLC, as a defendant. Appellants asserted causes of action for product liability–negligence, failure to warn, product liability–manufacturing defect, breach of implied warranty, wrongful death, and survival action against the Abbott Defendants and respondent. Appellants alleged the software in Garey's ICD malfunctioned and began reading his heart rate as double of its actual rate. Hospital records allegedly showed Garey had "episodes of inappropriate defibrillations" and his ICD had to be forcibly turned off using a magnet. This malfunction allegedly caused the device to repeatedly apply high voltage shocks to Garey, damaging his heart and leading to his death.

Appellants alleged the Abbott Defendants and respondent manufactured the ICD implanted in Garey's chest, a Fortify Assura VR Model No. CD 1357-40C. Appellants alleged the Abbott Defendants and respondent were the successors-in-interest to St. Jude Medical, Inc., due to a merger in January 2017. In the merger, the Abbott Defendants and respondent allegedly acquired St. Jude Medical, Inc.'s cardiovascular device business. In October 2016, Abbott Defendants and respondent allegedly sent a global medical device advisory letter to all customers to inform them of a premature battery depletion in

---

[3] Appellants filed a first amended complaint (FAC) shortly before filing the SAC, but the court clerk advised a summons would not be issued for St. Jude Medical, LLC, because appellants erroneously listed St. Jude Medical, Inc., in the caption and the opening paragraph. The court clerk instructed appellants to file their corrected pleadings as a SAC. Appellants filed the SAC only to correct this error; the pleadings are otherwise identical to the FAC.

Fortify Assura ICD's, a defect that was reasonably likely to cause serious health problems or death.

**Procedural history**

In February 2020, the Abbot Defendants moved to quash service of summons and complaint, arguing they are out-of-state entities who lacked any contacts with California. Appellants opposed the motion, asserting the Abbott Defendants sold ICD and monitoring systems and provided replacement devices for California residents. The trial court granted the motion in December 2020, finding the Abbott Defendants were not involved with the allegedly defective implants and did not acquire St. Jude Medical, Inc.'s liabilities.

Appellants sought leave to file their FAC in November 2020,[4] which preceded the order granting the Abbot Defendants' motion to quash. The court granted appellants' motion in May 2021. Appellants then filed their amended pleadings in June 2021, which added respondent as a defendant.

In August 2021, respondent demurred to the SAC on the ground it failed to state facts sufficient to constitute a cause of action under section 430.10, subdivision (e). Respondent argued the statute of limitations barred appellants' claims against St. Jude Medical, LLC, who was not sued until June 23, 2021. Respondent posited appellants' amendment did not relate back to the date of the original complaint under section 473, subdivision (a)(1), because the amendment was adding a new defendant, not correcting a misnomer. Respondent also argued appellants failed

---

[4]     Appellants filed a motion to augment the record in this court to include in the record their motion for leave to file the FAC and its supporting declaration. This court granted appellants' motion.

4

to sufficiently plead the elements of their claims and that federal law preempted them. Appellants opposed the demurrer, arguing the SAC complied with section 473, subdivision (a)(1), because St. Jude Medical, LLC, is not an independent entity with separate operations from the Abbott Defendants. Appellants maintained their claims were sufficiently pled and were not preempted by federal law.

In September 2022, appellants applied ex parte for leave to file a supplemental brief regarding respondent's demurrer, which the trial court granted. Appellants sought to discuss, among other matters, the Doe amendment they claimed was filed for St. Jude Medical, LLC, with the FAC. Appellants asserted in their supplemental brief that they satisfied section 474 by pleading the existence of Doe defendants and adding St. Jude Medical, LLC, as a Doe defendant. Appellants maintained they should be granted leave to amend if the demurrer is sustained because they can allege St. Jude Medical, LLC, was unknown to them and was a proper Doe defendant at the time they filed the original complaint. Respondent filed a supplemental reply, arguing appellants never filed a Doe amendment and could not plausibly claim ignorance of St. Jude Medical, LLC's identity.

The trial court held a hearing on respondent's demurrer in March 2023, whereupon it took the matter under submission. A few days later, the court issued an order sustaining the demurrer without leave to amend on the ground the statute of limitations barred the claims against St. Jude Medical, LLC. The court found appellants' amendment did not relate back to the original complaint because the naming of St. Jude Medical, LLC, did not comply with section 473, subdivision (a)(1), as it added a new defendant and did not simply correct a misnomer. The court

observed respondent and the Abbott Defendants were identified in the SAC as separate entities and did not have similar names. Further, the court found the amendment did not relate back under section 474 because the docket had no record of a filed Doe amendment substituting St. Jude Medical, LLC, for a Doe defendant. Because the court sustained the demurrer based on the statute of limitations, the court declined to address the other grounds for the demurrer.

In May 2023, the trial court entered a judgment dismissing St. Jude Medical, LLC. Appellants timely appealed the judgment of dismissal.

## CONTENTIONS ON APPEAL

Appellants assert two main arguments. First, they contend the trial court erred in granting the Abbott Defendants' motion to quash because the motion was rendered moot by appellants' motion for leave to amend and amended complaint. Second, they argue the court erred in sustaining respondent's demurrer without leave to amend because they can cure any noncompliance with section 474, the statute allowing designation of fictitious defendants or "Does."

## DISCUSSION

I.   **Appellants failed to timely appeal the order granting the Abbott Defendants' motion to quash service of summons**

Section 904.1, subdivision (a)(3), provides that "an order granting a motion to quash service of summons" is appealable. (See *Van Buskirk v. Van Buskirk* (2020) 53 Cal.App.5th 523, 530.) To appeal from a judgment or appealable order of a superior

6

court, the appellant must serve and file a notice of appeal in that court. (Cal. Rules of Court, rule 8.100(a)(1).) A notice of appeal must be filed on or before 60 days after the superior court clerk or a party serves a notice of entry of the order. (Cal. Rules of Court, rule 8.104(a)(1)(A)-(B).) "[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction." (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670.)

The trial court granted the Abbott Defendants' motion to quash service of summons on December 1, 2020. The Abbott Defendants served a notice of the ruling on December 4, 2020. Appellants never filed a notice of appeal as to that order. Appellants only filed a notice of appeal as to the judgment of dismissal on April 17, 2023, over two years later. Accordingly, appellants failed to timely appeal the order granting the motion to quash service of summons.[5] This court therefore has no jurisdiction to review that order.

Appellants contend they could not appeal the order granting the motion to quash service of summons because the order was made moot by appellants' motion for leave to amend and their subsequently filed amended complaint. "However, a motion to quash is directed to the summons, and the filing of an amended complaint does not require the issuance of a new summons when the parties remain the same. [Citation.] Accordingly, the filing of an amended complaint does not

---

[5] The Abbott Defendants filed in this court a motion to partially dismiss. This court denied the motion and noted, "[b]ecause appellant has not appealed from the December 1, 2020 order (see Notice of Appeal filed April 17, 2023), there is no appeal to dismiss."

7

*necessarily* moot a motion to quash service of summons when no new summons is required." (*Hardell v. Vanzyl* (2024) 102 Cal.App.5th 960, 968.) "[T]here may be circumstances in which the filing of an amended complaint would moot a pending motion to quash. For example, because the existence of specific jurisdiction is tied to the claims asserted, if the amended pleading advanced different claims or identified additional underlying facts, it could moot a jurisdictional analysis based on the allegations of the prior pleading." (*Ibid.*)

The motion to quash and the trial court's ruling thereon are not moot because the amended pleadings have no new allegations changing the jurisdictional analysis against the Abbott Defendants. The amended pleadings do not assert any new claims or facts against the Abbott Defendants. Indeed, the claims and facts alleged against the Abbott Defendants in the amended pleadings are identical. Even assuming *arguendo* the court's order was moot, the fact remains appellants have not appealed any motion to quash service of summons. The Abbott Defendants have filed no further motion to quash. Hence, this court has no jurisdiction to consider this issue.

## II. Leave to amend should be granted to allow appellants an opportunity to cure the section 474 pleading defect

### A. *Applicable law and standard of review*

"On review from an order sustaining a demurrer, 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose.'" (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010)

48 Cal.4th 32, 42.) "We may also consider matters that have been judicially noticed." (*Ibid.*)

"A demurrer tests the legal sufficiency of the challenged pleading." (*Brown v. Los Angeles Unified School Dist.* (2021) 60 Cal.App.5th 1092, 1103.) "We accept as true all material facts properly pleaded in the complaint, but do not assume the truth of contentions, deductions, or conclusions of fact and law." (*Ibid.*) "The question of a plaintiff's ability to prove the allegations, or the possible difficulty in making such proof, does not concern the reviewing court and plaintiffs need only plead facts showing that they may be entitled to some relief." (*Ibid.*)

"When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment." (*Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 670.) "If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "[T]he plaintiff has the burden of demonstrating that 'there is a reasonable possibility the plaintiff could cure the defect with an amendment.'" (*Foundation for Taxpayer & Consumer Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 135.)

> **B.** ***There is a reasonable possibility appellants can cure the pleading defect by substituting respondent for a Doe defendant***

Appellants argue leave to amend should have been granted because there was a reasonable possibility they could amend

their pleadings to properly substitute respondent for a Doe defendant under section 474. We agree.[6]

Section 474, the fictitious name statute, addresses when a claimant may bring a Doe amendment. (*Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1169–1170.) Section 474 states, in relevant part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ." "Section 474 allows a plaintiff who is ignorant of a defendant's identity to designate the defendant in a complaint by a fictitious name (typically, as a 'Doe'), and to amend the pleading to state the defendant's true name when the plaintiff subsequently discovers it." (*McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 371 (*McClatchy*).)

---

[6] Appellants also contend the trial court erred in sustaining the demurrer because the amendment was merely correcting a misnomer under section 473, subdivision (a)(1). However, the amendment does not correct a misnomer because it adds as a new defendant, St. Jude Medical, LLC, which does not replace any existing defendant's name. (See *Hawkins v. Pacific Coast Bldg. Products, Inc.* (2004) 124 Cal.App.4th 1497, 1503 ["[W]here an amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued, case law recognizes an exception to the general rule of no relation back."].) St. Jude Medical, LLC, is a separate entity from the Abbott Defendants, which appellants themselves acknowledge by noting the entity is wholly owned by Abbott Laboratories and is not the same party as those defendants.

10

"[A]n amended pleading will not relate back unless the original complaint set forth or attempted to set forth some cause of action against fictitiously named defendants." (*Winding Creek v. McGlashan* (1996) 44 Cal.App.4th 933, 941.) "'It is not enough, of course, simply to name "Doe" defendants. Rather, the complaint must allege that they were responsible in some way for the acts complained of.'" (*Ibid.*) "If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed." (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176 (*Woo*).) "'There is a strong policy in favor of litigating cases on their merits, and the California courts have been very liberal in permitting the amendment of pleadings to bring in a defendant previously sued by fictitious name.'" (*Streicher v. Tommy's Electric Co.* (1985) 164 Cal.App.3d 876, 882 (*Streicher*).)

**1.** *Appellants properly designated Doe defendants and can thus amend their pleadings upon discovering the Doe's identity*

The original complaint sufficiently alleges fictitiously named defendants to be substituted upon discovery of their identities. Appellants named 20 Doe defendants in the initial complaint. Appellants alleged they were ignorant of the true names and capacities of these Doe defendants. Appellants describe the first 10 of these Doe defendants as "suppliers, component manufacturers, sellers, or retailers who provided the ICD and/or the leads that are the subject of this action." According to appellants, these fictitiously named defendants were responsible in some manner for the alleged tortious acts.

11

Appellants assert their claims for product liability–negligence, product liability–manufacturing defect, and breach of implied warranty against these 10 Doe defendants.

These allegations satisfy the initial requirements of section 474. Appellants not only designate the unknown defendants as "Does" and indicate they are ignorant of these defendants' identities, appellants specify the manner in which the Does are involved in the tortious acts alleged in the complaint. Further, appellants set forth causes of action against the Does by properly naming them under each applicable claim. By satisfying the initial requirements of section 474, appellants may "amend the pleading to state the defendant's true name when [they] subsequently discover[] it. When a defendant is properly named under section 474, the amendment relates back to the filing date of the original complaint." (*McClatchy, supra*, 247 Cal.App.4th at p. 371, fn. omitted.)

**2.** *It is reasonably possible for appellants to cure any section 474 pleading defect*

Respondent contends the pleadings cannot be amended to satisfy section 474 because appellants added St. Jude Medical, LLC, as an entirely new defendant and did not substitute it for a Doe defendant. "However, the courts of this state have considered noncompliance with the party substitution requirements of section 474 as a procedural defect that could be cured and have been lenient in permitting rectification of the defect." (*Woo, supra*, 75 Cal.App.4th at p. 177.) "'[A]n amendment substituting the true names of fictitious defendants is not a matter of substance because it does not change the cause of action nor affect the issues raised by the pleadings.'" (*Streicher, supra*, 164 Cal.App.3d at pp. 884–885.)

The SAC names St. Jude Medical, LLC, as a defendant but does not substitute the entity for any of the Doe defendants. This is clear in that all of the 20 Doe defendants named in the original complaint remain in the SAC. There are no other allegations indicating St. Jude Medical, LLC, was added by a Doe amendment. While the amendment naming St. Jude Medical, LLC, does not comply with section 474, the noncompliance is a modest procedural defect that can be cured. Curing this defect would not change the substance of or affect any of the issues raised by the pleadings. Allowing an amendment to address this deficiency would not prejudice respondent.

Moreover, respondent argues appellants were not genuinely ignorant of St. Jude Medical, LLC's identity because the original complaint referenced an October 2016 letter showing St. Jude Medical, Inc.'s affiliates designed, manufactured, and sold the medical device at issue. Respondent asserts there were also public documents establishing St. Jude Medical, LLC, was the successor-in-interest to St. Jude Medical, Inc.

But, "if the plaintiff is actually ignorant of the defendant's identity, the section 474 relation-back doctrine applies even if that ignorance is the result of the plaintiff's negligence." (*Woo, supra*, 75 Cal.App.4th at p. 177.) "Our Supreme Court blessed negligent ignorance in *Irving v. Carpentier* (1886) 70 Cal. 23, 26, and that remains the law today." (*Hahn v. New York Air Brake LLC* (2022) 77 Cal.App.5th 895, 900.) "The rule makes sense. If a reasonable diligence standard governed section 474, plaintiffs would be incentivized to routinely name any and all persons who might conceivably have some connection with the suit at the outset." (*Ibid.*)

13

"Ignorance of the *facts* giving rise to a cause of action is the 'ignorance' required by section 474, and the pivotal question is, "'did plaintiff know *facts*?" not "did plaintiff know or believe that [he] had a cause of action based on those facts?"'" (*General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 594.) "[T]he plaintiff does not relinquish her rights under section 474 simply because she has a suspicion of wrongdoing arising from one or more facts she does know." (*Id*. at p. 595.) "[S]ection 474 does not impose upon the plaintiff a duty to go in search of facts she does not actually have at the time she files her original pleading." (*Id*. at p. 596.)

The facts identified by respondent do not conclusively establish appellants were not genuinely ignorant of St. Jude Medical, LLC's identity at the time they filed their initial complaint. The October 2016 letter referenced in the complaint was a medical device advisory addressing an issue concerning premature battery depletion in St. Jude Medical ICDs manufactured before May 2015. The letter does not precisely mention St. Jude Medical, LLC, or discuss its relationship with the other defendant entities in this case. At best, the letter may give rise to a suspicion of wrongdoing, which is insufficient to establish appellants relinquished their rights under section 474. (See *General Motors Corp., supra*, 48 Cal.App.4th at p. 595.)

In addition, the public record respondent identifies here is a merger agreement in the Form S-4 for Abbott Laboratories, filed with the United States Securities and Exchange Commission (SEC). There is no evidence appellants possessed these documents at the time they brought this action. As discussed above, appellants have no duty to search for facts to resolve section 474 issues when they file their complaint. (See

14

*General Motors Corp., supra*, 48 Cal.App.4th at p. 596.) And simply having access to these documents would not establish appellants knew of respondent's identity—they could still be ignorant through their negligence in reviewing or failing to review the complex SEC papers. Further, even if evidence exists that appellants reviewed these documents, it would be improper to consider such evidence here as a demurrer only challenges defects on the face of the pleadings or matters judicially noticeable. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

> **3.** *Appellants properly raised section 474 and the Doe amendment issue in the trial court*

Respondent also contends the demurrer was properly sustained without leave to amend because appellants never raised the issue of section 474 in the trial court. Respondent argues appellants only invoked section 473, subdivision (a)(1), in the motion for leave to amend and the opposition to the demurrer.

"[W]e generally do not consider on appeal a claim that could have been but was not raised in the trial court . . . ." (*Hansen v. Board of Registered Nursing* (2012) 208 Cal.App.4th 664, 672.) However, appellants presented their arguments regarding section 474 in their supplemental brief opposing the demurrer, which the court permitted when it granted appellants' ex parte application. While appellants mistakenly believed a Doe amendment was filed as to St. Jude Medical, LLC, appellants nevertheless asserted in their supplemental brief that leave to amend should be granted because they can allege St. Jude Medical, LLC, was unknown to them and was a proper Doe defendant at the time they filed the original complaint. Appellants argued they have consistently pled in all of their

15

complaints the existence of Doe defendants and were ignorant of the identities of these defendants under section 474. Respondent filed a supplemental reply brief responding to these arguments.

Indeed, the trial court acknowledged this issue was raised by indicating appellants' amendment did not relate back to the original complaint under section 474 because the docket had no record of a filed Doe amendment as to St. Jude Medical, LLC. Despite appellants' request to amend the pleadings to substitute St. Jude Medical, LLC, for a Doe defendant, the court denied leave to amend. Hence, the record shows this issue was properly before the trial court.

In short, we conclude there is a reasonable possibility appellants can amend their pleadings to substitute respondent for a Doe defendant in accordance with section 474. Thus, appellants should be granted leave to amend to cure this defect.[7]

## DISPOSITION

The May 26, 2023 judgment of dismissal is reversed. On remand, the trial court is directed to grant appellants leave to

---

[7] Respondent maintains the judgment of dismissal should still be affirmed because federal law preempts appellants' claims. However, the trial court never reached this issue in the order sustaining the demurrer. We therefore decline to consider this issue. (See *McMillin Development, Inc. v. Home Buyers Warranty* (1998) 68 Cal.App.4th 896, 911 ["It is axiomatic that as a court of review we usually decline to review issues which have not yet been considered in trial courts"].)

amend the complaint consistent with this opinion. Appellants are awarded their costs on appeal.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

ASHMANN-GERST, J.