Filed 6/6/23  Molina v. Davidsohn CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LARRY MOLINA, JR., | B318004 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. |
| v. | No. 21AVRO00911) |
| DEBBIE DAVIDSOHN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Valerie L. Skeba, Commissioner.  Affirmed.

Debbie Davidsohn, in pro. per., Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Appellant Debbie Davidsohn appeals from a civil harassment restraining order.  On appeal, Davidsohn contends there was no evidence to support issuing a restraining order against her under Code of Civil Procedure section 527.6.[1]  We conclude the record contains substantial evidence to support the trial court's order and no error has been shown.  Therefore, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On July 27, 2021, Molina filed a petition for a civil harassment restraining order against Davidsohn.  The petition is not part of the record on appeal.

On September 23, 2021, a hearing was held on Molina's petition, as well as on a petition for a restraining order filed by Davidsohn, which is also not part of the record on appeal.  Molina testified that on July 26, 2021, he was talking with his daughter and heard a disturbance.  He went to the garage and found Davidsohn arguing with Molina's roommate.  The roommate said he would move his truck, but Davidsohn talked over him and started yelling that she was going to call the sheriff.  Davidsohn stepped onto Molina's side of the property line.  When Molina approached her and pointed for her to return to her property, she shoved him, punched him in the stomach, and ran off.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.  No respondent's brief was filed on appeal.  The notice of respondent's failure to file a brief was returned to the court for insufficient address and inability to forward.

2

The court reviewed two videos of the incident. In the first video, the court noted that Davidsohn was screaming so loudly, the court could not make out what the parties were saying. Davidsohn was standing on Molina's property and said, "What are you going to [do] about it?" Molina said, "Go back on your side." Davidsohn made a quick move with her arm, but Molina's body blocked the view of exactly what happened, and Davidsohn ran off. In the second video, the court observed that Molina flinched, consistent with being hit.

Molina's roommate testified that he parked his truck to load furniture. Davidsohn came out to ask why he was parked where he was and began screaming at him. When Molina arrived, Davidsohn got in his face, hit Molina, and ran off. After waiting for the sheriff to arrive, Molina and his roommate decided to call the police and report the incident themselves.

Davidsohn testified that on the day of the incident, she was one foot onto Molina's property.

Molina also testified that Davidsohn looked over the fence from her property and looked inside his house. One time, he was enjoying his pool, watching a video on his phone, and a person from Davidsohn's property was staring over the fence at him.

Davidsohn showed videos of a utility truck idling in front of her driveway. She showed a video of a person walking on her driveway. She showed two videos, both taken on February 3, 2021, of a person standing at her door, knocking on her door, and then leaving.

The court found Davidsohn provoked the incident on July 26, 2021. The court also found Davidsohn's complaints and evidence concerned minor things that most people would not think twice about, but had become something sinister to her that

she attributed to Molina without a basis to support her conclusions. The court noted it could not instruct people to stop looking at a neighbor's house from their own property. The court concluded that Davidsohn's evidence did not support finding harassment by Molina, but instead showed she was doing the harassing. The court found Davidsohn's behavior in the courtroom and in the video to be frightening, hostile, volatile, and irrational.

The court denied Davidsohn's request for a restraining order as it was not supported by credible evidence, and granted Molina's request for a permanent civil harassment restraining order for the maximum period of five years. The court stated Molina's daughter would be included in the order. The order of protection signed by the court is not part of the record on appeal.

## DISCUSSION

Davidsohn contends there is no substantial evidence to support the restraining order issued against her, but she has failed to provide necessary documents in the record or to state the evidence in the light most favorable to the judgment in accordance with the standard of review. Nevertheless, we conclude substantial evidence supports the trial court's order.

Section 527.6, subdivision (a)(1), provides for injunctive relief from harassment as follows: "A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section." Section 527.6, subdivision (b)(3), provides: " 'Harassment' is unlawful violence, a credible threat of violence, or a knowing and willful course of

4

conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."

On review of the trial court's issuance of a civil harassment restraining order, we examine whether the express and implied factual findings that support the trial court's order are justified by substantial evidence in the record. (See *Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137–1138.) "Under the substantial evidence standard of review, '*we must consider all of the evidence in the light most favorable to the prevailing party*, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.] [¶] It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment.' " (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266, first italics added.) If the trial court made conclusions of law in the issuance of a restraining order, "we review those conclusions of law de novo." (*Westfour Corp. v. California First Bank* (1992) 3 Cal.App.4th 1554, 1558.)

In this case, there was substantial evidence of unlawful violence. The trial court found Davidsohn stepped onto Molina's property and made contact with her hand, such that Molina flinched away. In addition, Davidsohn was screaming at Molina and at his roommate. Her courtroom demeanor was equally

volatile and aggressive.  There was substantial evidence to support the trial court's order, and we do not reweigh the evidence on appeal.

## DISPOSITION

The order is affirmed.  No costs are awarded.
NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.